Wylie *against* Lewis.

A blank indorsement, by *A* , of the promissory note of *B.*, payable to *C.*, or order, does not imply a valuable consideration from *C.* to *A.*, and an engagement by *A.*, that *B.* was of ability to pay, and should pay, such note.

This was an action of *assumpsit,* brought by *Moses Wylie,* as executor of *John Wylie,* deceased, and tried at *Brooklyn, September* term, 1827, before *Brainard,* J.

The declaration contained three counts ; the two first of which were abandoned at the trial.   The third count stated, That on the 2nd of *December,* 1826, *Elisha Tucker* made his note, of that date, for 112 dollars, 66 cents, payable to the plaintiff's testator, or his order, on demand, with interest, for value received : that on the same day, the defendant, by his indorsement of said note, for value received of said *John Wylie,* promised and engaged, that said *Tucker* then was of ability to pay said note, and should continue to be, and should pay said note according to its tenor ; that said *Tucker* then was, and ever since hath been, a bankrupt, which has at all times been known to the defendant ; that nothing has been, or could be collected on said note ; and that the defendant has not performed his promise.

On the trial, the plaintiff proved the execution of the note by *Tucker,* and the indorsement thereof, by the defendant, in blank; and that it was given in satisfaction of an execution in favour of *John Wylie* against *Tucker,* for the same sum ; and claimed to have proved all the other facts in the declaration alleged. It was admitted, that the note was not presented to *Tucker* for payment, and that notice of non-payment was not given to the defendant, at the time, or soon after, it became due ; and that no suit had been commenced upon it against the maker ; but notice was given to the defendant, and demand made of him, before the commencement of this suit.   The defendant prayed the judge to instruct the jury, that the law did not im-

*Windham,*
July, 1828.

Wylie
*v.*
Lewis.

ply such a consideration, nor such a contract, as was stated in the declaration. But the judge instructed the jury, that the law did imply such a contract and such a consideration as therein stated ; and if they should find, that when the note fell due, (which was immediately) *Tucker* was a bankrupt, and that coercion would have been unavailing, the holder was excused from presenting the note, giving notice or commencing a suit against the maker, and their verdict ought to be for the plaintiff ; otherwise, for the defendant  The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial.

*Goddard,* in support of the motion, contended, 1. That as the note in question was payable *to order,* it was subject, in relation to demand and notice, to the law of negotiable paper.

2. That if this is a special contract, it must be sued as a joint and several undertaking. *Josselyn* v. *Ames,* 3 *Mass. Rep.* 274. *Hunt* v. *Adams,* 5 *Mass. Rep.* 358. *White* v. *Howland,* 9 *Mass. Rep.* 314.

3. That at any rate, if this is a special contract, the consideration must be stated and proved ; no consideration being implied. *Rann* v. *Hughes,* 7 *Term Rep.* 350. n. *Rob. Frauds* 7. *Fell* on *Guaranty,* 7, 8. *Ballard* v. *Walker,* 3 *Johns. Cas.* 60.

*Judson,* contra, contended, 1. That a blank indorsement imports a valuable consideration. *Swift's Ev.* 339. 1 *Swift's Dig.* 429. *Mandeville* v. *Welch,* 5 *Wheat.* 277.

2. That a blank indorsement of a promissory note imports, also, that the maker shall be of ability to pay, with the use of due diligence. *Swift's Ev.* 342. *Bradley* & al. v. *Phelps,* 2 *Root* 325. 1 *Swift's Dig.* 434. *Welton* v. *Scott,* 4 *Conn. Rep.* 527. *Prentiss* v. *Danielson,* 5 *Conn. Rep.* 175. 179.

3. That due diligence was exercised, in this case, by the fact stated in the declaration and found by the jury, that the maker was utterly insolvent. *Swift's Ev.* 342. *Prentiss* v. *Danielson,* 5 *Conn. Rep.* 179.

4. That a negotiable note, not indorsed, by the promisee, stands on the same footing as a note not negotiable. 1 *Swift's Dig.* 430.

PETERS, J. The contract of an indorsement on a promissory note, whether negotiable or not, is too well understood to

require arguments to explain its meaning, or authorities to en- *Windham,* force its obligation. It is always a collateral undertaking, *July, 1828.* that the indorser will pay, if the maker do not, provided the holder use due diligence, demanding payment of the maker, in one case ; attaching his person or property, in the other ; and in both, giving reasonable notice of the failure to the indorser. 1 *Swift's Dig.* 435. In one case, we are governed by the *English* decisions under the statute of *Anne,* which we have recently adopted ; and in the other, by our own common law. In the case before us, the note is negotiable, on which the defendant, at the time of its execution, placed his name in blank, but was neither promisee nor indorsee, and therefore, not indorser. *Cui bono?* To what end ? This does not appear. The plaintiff counted on this indorsement, as if it contained an express written contract, subscribed by the defendant ; and the question now is, does this *blank* support an averment ?

Wylie
*v.*
Lewis.

A special contract must, in all cases, be precisely laid, and strictly proved ; for a variance is fatal. But such a contract is never implied. The legal import of this indorsement is an absolute engagement to pay, at all events ; though it might have been explained or varied by parol, according to the original agreement of the parties *Beckwith* & al. v. *Angell,* 6 *Conn. Rep.* 315 *Mitchell* v. *Culver,* 7 *Cowen's Rep.* 336. 3 *Kent's Comm.* 68. *Sumner* v. *Gay,* 4 *Pick.* 310. *Tenney* v. *Prince,* 4 *Pick.* 385.

But whether it imports an absolute or a conditional engagement, it certainly does not imply the consideration and contract stated in the declaration. An implied contract is where certain facts are proved, from which the law *ex æquo et bono,* raises a promise, or rather, enables the jury to find one. But in the case before us, the law is made not only to raise an express promise, but a written one ; and it might have been added, with equal propriety, a *sealed* instrument. This, certainly, is a novelty in pleading ;—an " *avis rara in terris, nigroque similima cycno.*"

I advise a new trial.

LANMAN and DAGGETT, Js. were of the same opinion.

HOSMER, Ch. J. dissented.

BRAINARD, J. was absent.

New trial to be granted.