JAMES M. WINSLOW, Plaintiff in Error, *vs*. BOYDEN & WILLARD, Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

The Plaintiffs below, Boyden & Willard, brought their suit to recover $1,945 08, the alleged value of goods, wares, and merchandize, furnished by them to Messrs. Eaton & Denison, upon a letter of credit signed by the Defendant Winslow.

The Complaint contained three counts : the first upon the letter of credit, the second for goods sold and delivered at Defendant's request, and the third upon a promissory note for the amount of the purchase made by Messrs. Eaton & Denison, payable to order of Boyden & Willard, and endorsed by Winslow, before delivery to the payees. The facts creating his liability upon the note, are the same substantially, as are alleged in the cases of *Pierse vs. Irvine, Stone & McCormick*, and *Marshall & Co. and Rey vs. Simpson*, ante pages 369 and 380.

The Defendant demurred to the first and third counts in the Complaint ; to the first, on the ground that it did not show a compliance, on the part of the Plaintiffs, with the terms of the contract, and to the third count, because the Defendant was only liable as second endorser on the note, and as the same was still in the hands of the payees, they could not maintain an action against the Defendant, and because the facts set up in the

said last count, do not change or alter the character of the liability of the Defendant from that of second endorser.

The District Court overruled the Demurrer, and Judgment was afterwards entered against the Defendant, for want of an Answer.

The following are the points and authorities relied upon by the Plaintiff in Error:

The Court below erred in overruling the Demurrer in this action, and in allowing judgment to be entered in favor of the Defendants in Error, for the following reasons:

The Complaint sets up three distinct and separate causes of action.

The Demurrer to the first cause of action, set up in the said complaint, was well taken, because the complaint does not show that the letter of credit, upon which the said first cause of action was based, was complied with on the part of the Defendants in Error.

The Complaint does show that the goods mentioned in the said Complaint were delivered to "Eaton & Denison."

The Complaint does not show that the goods mentioned in the said Complaint, were shipped or caused to be shipped by the Defendants in Error, to the Plaintiff in Error, as they were, by the terms of said letter of credit, bound and required to do.

It does not appear in the said complaint that the said Defendants in Error forwarded the bills of lading of the said goods to the said Plaintiff in Error, as the letter of credit required.

It appears in the said complaint that the said goods were sold to the said "Eaton & Denison," upon their individual credit, and not upon the credit of the Plaintiff in Error, and that the Defendants in Error took the promissory note of the said "Eaton & Denison," for the said goods, payable four months after the date thereof.

It does not appear that there has been any default in the payment of the said note, nor that the said note now belongs to the said Defendants in Error.

The Demurrer to the last cause of action set up in the said complaint was well taken, because,

*First.* The Plaintiff in Error is not liable as endorser of the said note to the Defendants in Error.

The Plaintiff in Error is second endorser, and the Defendants in Error are, in legal contemplation—

*First.*  Endorsers of the said note.

*Second.*  The Plaintiff in Error cannot be held in any other character than that of endorser of the said note and is not liable in this action.

The Defendant in Error, in giving credit to "Eaton & Denison," discharged the Plaintiff in Error, from liability, on the letter of credit.  *Fillmore vs. Wheeler,* 17 *Johns.* 226 ; *Herrick vs. Carmer,* 12 *Johns.* 159 ; *Dean vs. Hall,* 17 *Wend.* 214 ; *Hough vs. Gray,* 19 *Wend.* 202-3 ; *Sealny vs. Hungerford,* 2 *Hill* 80 ; *Webb vs. Rice,* 6 *Hill* 219 ; *Hall vs. Newcomb,* 3 *Hill* 233 ; *Hall vs. Newcomb,* 7 *Hill* 416 ; *Ellis vs. Brown,* 6 *Barb.* 282 ; *Spies vs. Gilmore,* 1 *Com.* 321 ; 2 *Com.* 553 ; *Cuzen vs. Chambers,* 1 *Spenc. N.J.R.; Fear vs. Dunlap,* 1 *Green Io. R.* 331 ; *Jennings vs. Thomas,* 13 *Sm. & Marsh.* 617 ; *Taylor vs. McCune,* 1 *Jones Penn.; Story on Prom. Notes, sec.* 134 ; *Story on Bills, sec.* 215 ; *Stevens vs. Cooper,* 1 *Johns. Ch. R.* 429 ; *Brewster vs. Silence,* 4 *Selden* 207 ; 5 *Denio* 484.

As to the letter of credit—17 *Wend.* 179 ; 8 *Wend.* 512-516 ; 4 *Wheaton* 225 ; 9 *Wheaton* 680-702 ; 5 *Johns.* 370 ; 10 *Johns.* 180 ; 8 *Bing.* 156.

The following are the points and authorities relied upon by the Defendants in Error :

*First.*  There is no error in the record or proceedings of the Court below.

*Second.*  It distinctly appears in and by the first count of the complaint of the Plaintiffs below, that the said Plaintiffs fully complied with, fulfilled and performed, on their part, all and every of the terms, conditions and provisions of the letter of credit therein mentioned, on their part to be kept, performed or done.

*Third.*  It does not appear from the said complaint that the Defendants in Error have violated any of the provisions of the said letter of credit ; but on the contrary, it does appear that they have not violated any of the said provisions.

*Fourth.*  The fourth and fifth specified grounds of demurrer

to the first count of the said complaint, present no valid objection to the said count. *Holmes & Drake vs. D'Camp*, 1 *John. R.* 34; *Toby vs. Barber*, 5 *John. R.* 68; *Raymond vs. Merchant*, 3 *Cow. R.* 147; *Hughes vs. Wheeler*, 8 *Cow. R.* 77; *Monroe vs. Hoff*, 5 *Denio* 360; *Waydell vs. Luce*, 3 *Denio* 410; *Smith vs. Johnson*, 17 *John. R.* 340; *Canning vs. Huckley*, 8 *John. R.* 202; *Burdick vs. Green*, 15 *John. R.* 247; *Murray vs. Governeur*, 2 *John. Cases* 438; *Hening vs. Sangre*, 3 *John. Cases* 71; *Schumuber vs. Louies*, 7 *John. R.* 311; *Johnson vs. Weed*, 9 *John. R.* 310; *Cole vs. Sackett*, 1 *Hill* 516; *Frisbie vs. Larned*, 21 *Wen.* 450; *Waydell vs. Luce*, 5 *Hill* 448.

*Fifth.* The third count of the said complaint is sufficient in law in all respects, and the demurrer thereto was properly overruled in the Court below. 1 *Parsons on Contracts*, (2d ed.) *pp.* 206 *and* 207; 17 *Wen.* 215, 5 *Mass.* 545; 3 *Mass.* 274, 11 *Mass.* 436.

*Sixth.* If either the first or third count of the said complaint is sufficient in law it fully supports the judgment of the Court below.

WILKINSON, BABCOCK & COTTON, Counsel for Plaintiff in Error.

H. R. BIGELOW, Counsel for Defendants in Error.

*By the Court.*—SHERBURNE, J. The complaint contains three counts upon the same cause of action. There is a demurrer to the first and third counts.

It appears from the third count, that on the second day of June, 1854, B. L. Eaton and John A. Denison, made their promissory note for the sum of $1,945 08, payable to the defendants in Error, that before the delivery of the same to the payees, the Plaintiff in Error wrote his name in blank on the back of the same, and that he did so for the express purpose of giving the makers, Eaton & Denison, credit with the payees, and of becoming security for the payment of said note; and that afterwards before the maturity of the note, the makers delivered the same to the payees, the Defendants in Error, for a good and valuable consideration, they relying upon the name

of Winslow for their security. There is also an allegation of the usual demand and notice.

These facts present the same points which were raised in the case of Allen Pierse, Plaintiff in Error, *vs.* Irvine, Stone & McCormick, decided at this term, and the judgment below must be affirmed for the same reasons which were given in that case.

As the action may be sustained upon the third count, it is unnecessary to notice the objections to the first.

[Judgment affirmed.]