MARIENTHAL, LEHMAN & Co. Plaintiffs in Error, vs. H. J. TAYLOR and J. V. R. WHITE, Defendant in Error.

A party who writes his name upon the back of a note at its inception, and before it is delivered to the payees or any one, is liable as a maker.

An allegation that the defendant so signed the note, "to secure the same, and to induce the plaintiff to receive the same in payment of an existing claim in his favor," is not an allegation of a fact, but is a conclusion which is drawn from the fact that he wrote his name on the back of the note before it was delivered to any one. And it is incumbent upon the defendant to rebut this presumption, by averment and proof of facts if any exist.

This was a writ of Error to the District Court of Ramsey County. The issues in this Court are fully stated in the Opinion of the Court.

The following are the points and authorities relied on by counsel for Plaintiff in Error:

*First.* The complaint of the Plaintiff in this action sets forth in terms that the Defendant, H. J. Taylor, at the time of making said note, and before the same was delivered to them or any one, did sign his name across the back of said note, to secure said note and to induce the Plaintiffs to receive the same

in payment of an existing claim in their favor. (See folio 10, 14 and 17, in case.)

In such a case, the original consideration of the note attaches to the party so signing his name, and he is held, *prima facia*, either as surety for consideration or as maker, original joint promissor. The facts make the party thus liable. *Parson's Mercantile Law, p.* 120 ; 13 *Johnson*, 175 ; 7 *Hill* 422 ; *Hall vs. Newcombe, Bockee Senator; Dean vs. Hall*, 17 *Wend.* 214 ; *Campbell vs. Butler*, 12 *John.* 349; *Pierse vs. Irvine, Stone & McCormick*, 1 *Minnesota Reports* 369; *ib.* 380; *ib.* 383; 6 *Conn. Rep.* 310 ; 11 *Conn. Rep.* 440 ; 9 *Vermont, Rep.* 345 ; 12 *ib.* 219; 16 *ib.* 554; 17 *ib.* 285; 1 *N. Hamp.* 385; 11 *ib.* 385; 19 *Pickering*, 260; 24 *ib.* 264; 32 *Maine* (2 *Red.*) 339; 7 *Foster* (*N. H.*) 366; 36 *Maine* (1 *Heath*) 147; *ib.* 265; 9 *Ohio*, 39; 13 *ib.* 328 ; 8 *Metcalf*, 504; 6 *Gill*, 181 ; 13 *Ill.* 682 ; 1 *Mann.* (*Mich.*) 428; 2 *Mich.* (*Gibbs*) 555; 18 *Mo.* (13 *Bennett*) 174; *ib.* 140; 9 *Cushing* (*Mass.*) 104; 9 *Texas*, 615; 2 *Cal.* 485; *ib.* 605; 20 *Mo.* (5 *Bennett*) 571.

*Second.* No presentment or demand or notice is necessary to charge a party who is liable as maker, surety or guarantor on a note. The allegation that the note was at the place of payment on the day of maturity is sufficient; and it is not material who owned or held the note at that time. 37 *Maine* (2 *Heath*) 442 ; 9 *Cushing* (*Mass.*) 321; 2 *Jones' Law* (*N. C.*) 23; 10 *N. H.* 433; 18 *Pickering*, 63; 13 *Conn.* 412; 6 *Humph.* 270; 27 *Maine* ; 14 *Shepley*, 149.

*Third.* The points made by the Judge of the Court below in his decision do not justify the sustaining of the demurrer to the complaint. Evidence is admissible under the complaint to rebut the *prima facie* liability of endorser, if such exists, and to show the liability of maker.

*Fourth.* Incorrect conclusions in a pleading, from the facts stated, do not render a pleading bad under the Code, if the facts stated would entitle the Plaintiff to the judgment he asks.

The following are the points and authorities relied on by the Counsel for the Defendant in Error.

*First.* The allegation in the Plaintiffs' Complaint that the

Defendant, H. J. Taylor, by signing his name across the back of said notes did " thereby become liable as joint promissor of said notes," being an allegation of the capacity in which said Defendant is liable, if at all, is a conclusion of law ; it is not well-pleaded and is not a material allegation, and, therefore, is not admitted by the Demurrer.

*Second.* The notes in this case are alleged in the complaint to have been given " in payment of an existing claim " in favor of the Plaintiffs and against the Defendant, White, and the Defendant in Error cannot be held liable as surety or guarantor, for such an undertaking or contract would be within the Statute of Frauds and therefore void.

On this point see *Rev. Stat. of Minnesota, Sec. 2. p.* 268; *Smith's Mercantile Law,* 562 ; *ib.* 567 (*note*) ; *Leonard vs. Vrendenberg,* 8 *Johns* 29 ; *Hall vs. Farmer,* 2 *Comst.* 553 ; *Farley vs. Cleveland,* 5 *Cowen* 432 ; *Hilton vs. Dinsmore,* 21 *Maine* 410 ; *Gold vs. Philips,* 10 *Johns* 412 ; *Packard vs. Richardson,* 17 *Mass.* 139 ; *Brown vs. Curtiss,* 2 *Comst.* 225 ; *Durham vs. Maurow, id.* 533 ; *Johnson vs. Gilbert,* 4 *Hill* 128 ; *Chandler vs. Davidson,* 6 *Blackf.* 367 ; *Brewster vs. Silence,* 4 *Selden,* 207 ; *Hall vs. Farmer,* 5 *Denio,* 484 ; 3d *Vol. Kent's Com.* 121–23 ; *Wain vs. Walters,* 5 *East* 10 ; *Searl vs. Brink,* 3 *Johns* 210 ; *Rogers vs. Kneeland,* 10 *Wend.* 218 ; *Smith vs. Ives,* 15 *Wend.* 182 ; *Packard vs. Wilson, id.* 343 ; *Newcomb vs. Clark,* 1 *Denio,* 226 ; *Bennett vs. Pratt,* 4 *id.* 275 ; *Kerr vs. Shaw,* 13 *Johns* 236.

*Third.* The notes sued upon were payable to order of Plaintiff's and there is no allegation in the Complaint that they ever ordered payment of the same.

*Fourth.* The Defendant in Error was an endorser of said notes and as such was entitled to notice of demand and nonpayment and the complaint containing no allegation of a demand of the maker or notice to the Defendant, is therefore insufficient and the action cannot be maintained.

In support of this point see 3d *Vol. Kent's Com.* 121; *Story on Prom. Notes,* (3d *Ed.*) *Sec.* 134; *Edward's on Bills and Prom. Notes,* 273; 13 *Lin. and Mar.* 617 ; 1 *Jones Penn. Rep.* 460; *Waynam vs. Bend.* 1 *Campb.* 175; *Fear et. al. vs. Dunlap,* 1 *Green's Iowa Rep.* 331 ; *Hodgkins vs. Bond,* 1 *N. H.* 284;

*Huntington vs. Harvey,* 4 *Connect.* 124; *Jackson vs. Richards,* 2 *Caine,* 343; *Brush vs. Administrators of Reeves,* 3 *John* 439; *Tillman vs. Wheeler,* 17 *Johns* 326; *Dean vs. Hall,* 17 *Wend.* 214; *Hough v. Gray,* 19 *Wend.* 202. *Seabury vs. Hungerford,* 2 *Hill,* 80; *Hall vs. Newcomb,* 3d *id.* 233; *same case in Error,* 7 *id* 416; *Hall vs. Farmer,* 5 *Denio* 484; *same case in Court of Appeals,* 2 *Comst.* 554; *Gilman vs. Spies,* 1 *Barb.* 158; *same case in Court of Appeals,* 1 *Comst.* 321; *Ellis vs. Brown,* 6 *Barb.* 282; *Cottrell vs. Conklin,* 4 *Duer* 45; *Durham vs. Maurow,* 2 *Comst.* 548; *Jewett Ch. J.* ; *Moore vs. Crop. et. al.* 23 *Barb.* 534; 6 *Abbott's Prac. Rep.* 25.

John B. Sanborn, Counsel for Plaintiffs in Error.

Hale & Bond, Counsel for the Defendants in Error.

*By the Court*—C. E. Flandrau, J. This case, like the case of *Thompson vs. McComb, Simpson & Co.,* decided at this term, involves the question of the liability to the payee of a party who puts his name on the back of a negotiable promissory note payable to order, before the delivery thereof to the payee. In that case the question was raised by demurrer to the answer of the Defendant, and the answer being held to leave the allegations of the complaint substantially admitted, and they being sufficient to show that the Defendant signed as a maker, the demurrer was overruled and the Plaintiff had judgment. In this case, however, the question is by demurrer to the complaint, and relieves us from the examination of any thing but its allegations. The complaint contains three causes of action, on three promissory notes, which were made by the Defendant White, "and the Plaintiff says that at the time of the making of said note and before the same was delivered to them or any one, the Defendant H. J. Taylor did sign his name across the back of said note to secure the same, and to induce the Plaintiff's to receive the same in payment of an existing claim in their favor," etc. The same allegation is made in respect to the manner of the signing of each note by the Defendant Taylor.

The point decided in *Thompson vs. McComb, Simpson & Co.* was that in an action by the payee of a note against a party who had simply signed his name across the back of the note,

parol evidence could be admitted to show that he had so sign-
ed before delivery to the payee and in what character he inten-
ded to become a party to the note: of course witnesses can
swear to nothing but facts in such an inquiry, and under our
system of pleading the facts which are to be proved must be
pleaded, and the jury find the intention of the party from the
facts established by the proof. In that case the facts in the
complaint were fully sufficient to show the intention with which
the Defendant put his name upon the note to have been that
of an original maker, and the answer leaving them substantial-
ly admitted, we sustained a judgment for the Plaintiff. Adopt-
ing the principle held in that case, and applying it to this,
can the Defendant under the facts stated in the complaint be
held as a maker of the note. The first fact that is alleged is
"that at the time of the making of said notes and before the
same were delivered to the payees or any one, the Defendant,
H. J. Taylor did sign his name across the back of said notes."
This fact raises the presumption that he was aware at the time
he signed, that his act was to give the note credit with the
payee, because in the regular course of business the place for a
note after signature by the maker, is in the hands of the payee,
and a request to sign a note in this irregular manner, is notice
that the maker cannot get it off and that the payee refuses to
take it without the additional name ; a party under such circum-
stances signs as much for the benefit of the payee as does the
maker, and cannot be supposed to have intended to become
an endorser as that would not serve the purpose, he being if
endorser, of necessity second endorser in which capacity the
payee could not recover against him. The case in 23 *Barb.
S. C. R.* 534, which holds the contrary and allows a first endor-
see to recover against a second *as an endorser*, on protest and
notice, is simply a contradiction of reason, and the process by
which Mr. Justice Roosevelt arrives at his conclusion to hold
the Defendant *as an endorser* "a sort of finesse and shuffling
game" which is "below the dignity of the law," and this late
case, if sustained by the Court of Appeals will show that, that
State has by "*finesse*" arrived at the very point *in fact* where
they stood on this question before the case of *Hall ss. New-
comb, 7 Hill,* 416. He thinks the fact alone of the Defendant

signing his name before the note had been delivered to the payee, is *prima facie* inconsistent with his being an accommodation endorser for the payee, and indicative that he is a maker.

The next allegation in the complaint is that the Defendant so signed the note "to secure the same, and to induce the Plaintiff to receive the same in payment of an existing claim in their favor." This is not an allegation of a fact it is but the purpose or intention with which he acted, in signing his name, which perhaps is proper should be stated, but cannot be called a traversable fact, and is more in the nature of a conclusion deducible from facts; but is any further fact necessary to be alleged and proved, to sustain the action in the first instance beyond the signing of the note before the delivery to the payee?" It stands thus: the note unexplained, raises the presumption that the Defendant is an indorser, the Plaintiff proves that the Defendant put his name on the note before delivery, this changes the presumption into one against his character as indorsee, and shows that he put his name there to give the note credit with the payee, and that he is responsible to the payee. If there are any facts why this presumption should not obtain, we think it is for the Defendant to rebut it by averment and proof of them.

The Court below, in a very able opinion, seems fully to sustain the principle that parol evidence may be admitted to change the relation of the parties as they appear on the notes, but seems to think that the facts stated in the complaint are insufficient to accomplish that purpose. We only differ from him in the view above stated, that the Plaintiff having shown that the Defendant put his name on the note before delivery to him has made his *prima facia* case against him as maker, and the fact of the name being on the back instead of the face of the paper will be presumed merely to indicate the relation which he sustains to the maker as his surety.

It was not necessary to hold this rule in the case of *Thompson vs. McCombs, Simpson & Co.*, as in that case the Plaintiff had set out all the facts of the consideration of the note, and inducing circumstances, taking the onus of the case on himself.

The judgment of the Court below is reversed and the case remanded to that Court for further proceedings.