May Term, 1861.

SILL
v.
LESLIE.

---

### SILL and Others *v.* LESLIE.

Where a party places his name upon the back of a negotiable promissory note, creating a liability in favor of the payee, the presumption is that he intends to assume the liability of an indorser, and nothing more; but this presumption may be controlled by parol evidence, showing that he in fact intended to assume the liability of a maker, in which case he will be regarded as a joint maker.

Where a party is shown to have signed a note as a surety, he may be charged as a joint maker.

*Tuesday, June 4.*

APPEAL from the *White* Common Pleas.

WORDEN, J.—This was an action by *Susan Leslie* against *Milton M. Sill*, *Robert W. Sill* and *James W. Bulger*, upon a promissory note made by *Milton M. Sill* to the plaintiff, and indorsed on the back thereof, in blank, by *Robert W. Sill* and *Bulger*. The complaint charges all the defendants as makers of the note. Issues were formed appropriate to the determination of the character of the liability intended to be assumed by *Robert W. Sill* and *Bulger*, in placing their names upon the back of the note. Trial by jury; verdict and judgment for the plaintiff; a new trial being refused.

*Robert W. Sill* and *Bulger*, severally, assign errors. The only point made in the brief of counsel, relates to the sufficiency of the evidence to charge them as makers of the note.

Where a party thus places his name upon the back of a negotiable promissory note, creating a liability in favor of the payee thereof, the presumption is that he intends to assume the liability of an indorser and nothing more; but this presumption may be controlled by parol evidence that he intended to assume the liability of a maker, in which case he will be regarded as a joint maker. *Vore* v. *Hurst*, 13 Ind. 551, and authorities there cited.

In the case before us, there was no evidence offered as to the kind of liability intended to be assumed by *Robert W. Sill*, and consequently nothing to remove the presumption that he intended to contract the obligation of an indorser merely. Hence, there was not evidence sufficient to charge him as a maker of the note. As to him, the judgment can not be sustained.

The case as to *Bulger* is different. The proof affecting him is, that in a conversation with the plaintiff he asked him if he did not sign the note, and he replied, yes, that he signed it as surety. We think the jury might reasonably have inferred that he meant that he had signed the note as the surety of *Milton M. Sill*, the maker; and if so, the case falls clearly within that of *Harris* v. *Pierce*, 6 Ind. 162, and he may be charged as a joint maker. We do not feel authorized to disturb the finding of the jury in this respect.

*Per Curiam.*—The judgment against *Robert W. Sill* is reversed, with costs; otherwise the judgment is affirmed, with costs. The costs to be equally paid by the appellee and *Bulger*.

*S. A. Huff* and *R. Jones*, for the appellants.