EDWARD CROMWELL and WILLIAM BIRDSALL, Respondents,
v. RICHARD HEWITT, Appellant.

One who writes his name upon the back of a non-negotiable note, may be
held liable by the holder as guarantor or maker, and is not entitled to
notice of demand or non-payment.
*Richards* v. *Warring* (1 Keyes, 576), followed.

(Argued April 3d, 1869, decided June 14th, 1869.)

APPEAL from judgment of the General Term of the first
judicial district, affirming a dismissal of the complaint at the
Circuit.

The action was brought upon two promissory notes, of
which the following are copies:

$75.                          NEW YORK, *March* 22d, 1861.

Sixty days after date I promise to pay to Richard Hewitt
seventy-five dollars, value received.

                              WILLIAM RYAN,
                                   79 Crosby street.

Indorsed.

  JAMES R. HEWITT.
  RICHARD HEWITT.

$75.                          NEW YORK, *March* 22d, 1861.

Four months after date I promise to pay to Richard Hewitt
seventy-five dollars, value received.

                              WILLIAM RYAN,
                                   79 Crosby street.

Indorsed.

  JAMES R. HEWITT.
  RICHARD HEWITT.

James Hewitt was originally made defendant, but the
action as against him was discontinued before trial.

The defendant is the payee of these two notes, and wrote
his name on the back of them.

The plaintiff, Birdsall, testified that the defendant was

owing the plaintiff, and that it was understood between them that when these notes were passed over by him in payment to them, that they were taken solely upon his responsibility, and that he assured them that they should be paid.

The action was to charge the defendant as guarantor. No presentation to the maker for payment or notice of non-payment to Hewitt was shown. The court below held the suit could not be maintained.

*R. H. Underhill*, for appellant.

*Rufus B. Cowing*, for respondent.

MASON, J. This action was brought to recover of the defendant, the amount of two non-negotiable notes of seventy-five dollars each, upon the following facts: One William Ryan made the notes payable to the defendant by name, and the defendant transferred the notes to the plaintiff for value, and indorsed them over by writing his name upon the back. The notes were not presented for payment when they fell due, nor was any notice of non-payment given to the defendant, and the only question in the case is whether the plaintiffs are entitled upon these facts to recover of the defendant the amount of the notes. The case of *Richard's Ex'r* v. *Warring* (1 Keyes R., 575), is an authority in point, and decides the very question in favor of the plaintiffs. The case holds that the holder may overwrite the indorsers name with a contract of guaranty, or as maker of the note. That case must be regarded as controlling, even should we think the reasons assigned for the decision unsatisfactory. The judgment of the Supreme Court must be reversed and a new trial granted, with costs, to abide the event.

NOTE.—The court below seems to have decided this case upon the authority of the dictum of JOHNSON, Ch. J., in *Moore* v. *Cross* (19 N. Y. R., 227). But the note in that case was negotiable in form, payable to the order of the plaintiff, and indorsed by the defendant, Cross, for the accommodation of one McGervey, the maker, in order to enable the latter to purchase coal from the plaintiff. McGervey took the note, so drawn and endorsed, to

the plaintiff and procured the coal upon it. It was, at maturity, regularly presented for payment to the maker, and notice of non-payment given to Cross. The court held Cross liable only as first indorser, and entitled to demand and notice.

The origin, in this State, of the doctrine of our case, and of *Richards* v. *Warring* (1 Keyes), which it follows, was, it is believed, the dictum of Judge SPENCER, in *Herrick* v. *Carman* (12 Johns., 160), approved by Judge BRONSON, in *Labron* v. *Woram* (1 Hill, 93), and the judgment of the court in *Nelson* v. *Dubois* (13 Johns., 175), and *Campbell* v. *Butler* (14 Johns., 349). In all these early cases the notes were strictly negotiable in form. But, as to such notes, the doctrine has since been, at first, questioned, in *Dean* v. *Hall* (17 Wend., 214), and *Seabury* v. *Hungerford* (2 Hill, 80), and finally overruled in *Hall* v. *Newcomb* (3 Hill, 233); S. C. in Error, 7 Hill, 416; *Spies* v. *Gilmore* (1 Comst., 321), and *Moore* v. *Cross, supra.*

In those cases, the distinction was started between the effect of such first indorsement by other than the payees upon paper in form negotiable, and indorsements upon that not negotiable. As to the former it may be now regarded as settled in this State, by the above cases, that the contract must be treated as one of *indorsement* merely, and the party making it entitled to demand, notice and all the rights of an indorser.

This proceeds upon a theory, first suggested by COWEN, J., in *Dean* v. *Hall* (*supra*), that the payee may overwrite the name of the indorser with his own, " without recourse," and thus, upon the fiction that he has since become the holder, he completes a chain of title to the note by which the indorser might appear subsequent to himself, and yet be, in fact, liable, as was intended, to him as holder. This theory was adopted by the chancellor in *Hall* v. *Newcomb* (Ct. of Errors, *supra*, p. 420). " Or," he says, " if the object of the second indorser was to enable the drawer (maker ?), as in this case, to obtain money from the payee of the note, upon credit of the indorsement, he (the payee) may indorse it, in the same way, without recourse, and by such indorsement may either make it payable to the second indorser or the bearer. And such original payee may then, as legal holder and owner of the note, recover thereon against such second indorser, stating such special indorsement by him, and subsequent indorsement of the note by the second indorser."

In *Waterbury* v. *Sinclair* (16 How., 329), the court followed this lead, and rejected a complaint as not containing any allegation that the payee had actually written his name " without recourse," over the defendant's indorsement, before suit; but in *Moore* v. *Cross* (*supra*), this court held such formality unnecessary, and it was adjudged that the payee could recover against the indorser without it; though the court approved an assumed indorsement without recourse by the payee, as the correct theory upon which the action could be maintained, and held that it would, for the purposes of the suit, be regarded as having been done, though not actually done.

As to notes not negotiable in form, it of course, should be regarded since

the decision in *Richards* v. *Warring*, and the present case, as authoritatively settled that the payee or holder may charge the party who puts his name on the back of the note, as either maker or guarantor, according to the actual intention. Both these judgments are substantially based upon the principle, that in reference to paper not negotiable, no contract of *indorsement* in a legal sense, can be presumed from the position of the defendant's name; and as he must have intended to bind himself in some capacity, the court, upon the maxim *ut res magis valeat, quam pereat,* will construe his contract to be that of either co-maker with, or guarantor of the maker.

This distinction, however, between negotiable and non-negotiable paper, and the reasoning upon which it is based, has met with very vehement dissent in the opinion of BOCKEE, senator, in *Hall* v. *Newcomb* (*supra*), seems not to have been entirely satisfactory to EMOTT, J., in *Waterbury* v. *Sinclair*, and is rather unfavorably treated by PRATT, J., in his able dissenting opinion in *Ellis* v. *Brown* (6 Barb., 295). The last judge evidently leans to the view that a negotiable note, indorsed by one not a party to it, should be treated as an accepted bill of exchange drawn by such indorser upon the maker in favor of the payee, and he cites a large number of authorities in favor of the doctrine, beginning with 1 Salkeld, 132.

Indeed, if it be true, as stated by the chancellor in 7 Hill, *supra,* " that when a man writes his name upon the back of a promissory note, he only agrees that he will pay the note to the holder on receiving due notice that the maker, upon the demand made at the proper time, has neglected to pay it," can he be properly held to any greater or other liability in the case of one non-negotiable in form? And is it really much more difficult to presume this to be his contract, when he indorses a note, made payable to the payee alone, than when he has indorsed his name, *before delivery to the payee,* upon paper negotiable in form, but, of course, as yet as utterly incapable of being *indorsed* by him as first indorser, and liable *as such* to the payee, as if it contained no negotiable words? Says SHAW, C. J., in *Chaffee* v. *Jones* (19 Pick., 263), " He " (an indorser before delivery of a negotiable note) " *is not liable as indorser,* for the note *is not negotiated, or title made to it through his indorsement,* nor as guarantor, because there is no separate or distinct consideration; but he meant to give security and validity to the note by his credit, and promised to pay it if the promissor does not, and that upon the original consideration, and therefore he is a promissor and surety; and it is immaterial to this purpose on what part of the note he places his name."

But whatever may be thought of the logical soundness of the distinction, it is certainly unknown, or at least unrecognized, elsewhere than in this State.

In the New England States, such an indorser is generally held liable as a co-maker upon the grounds stated by Chief Justice SHAW, quoted above. Where, however, it appears that he indorsed *after delivery* to the payee, he is sometimes treated as guarantor. But no distinction is recognized between negotiable and non-negotiable paper. In Massachusetts, *Moies* v. *Bird* (11 Mass., 436; *Simmons* v. *Gay* (4 Pick., 34); *Tenny* v. *Prince* (id., 31); *Baker*

v. *Briggs* (8 Pick., 122); *Chaffee* v. *Jones* (19 Pick., 260); *Austin* v. *Boyd* (24 Pick., 64), were all cases of negotiable notes, and yet the indorser held as maker. In 4 Pick., 31, the counsel for the defendant attempted to make the distinction but was unsuccessful; and in *Austin* v. *Boyd,* (*supra*), MOR-TON, J., says: " He cannot be indorser because the note is not payable to him." So in Vermont, *Strong* v. *Riker* (16 Vermont, 557); and in Connecticut *Beckwith* v. *Angell* (6 Conn., 315); *Wylie* v. *Lewis* (7 Conn., 301); *Perkins* v. *Catlin* (11 Conn., 213); *Laflin* v. *Pomeroy* (id., 440); *Rawson* v. *Sherwood* (26 id., 437); *Riddle* v. *Stevens* (32 Conn., 378). In the case of *Perkins* v. *Catlin* (*supra*), any distinction between negotiable and non-negotiable notes was expressly repudiated.

In Illinois it is held, that if intended to be an obligation when delivered to the payee, then the indorser is held as guarantor; if not to be valid until after they were negotiated by payee, then he is liable only as indorser. (*Blatchford* v. *Milliken*, 35 Ill., 434.)

The later cases in Massachusetts have been holding even more strictly up to the rule. (*Bryant* v. *Eastman*, 7 Cush., 253; *Riley* v. *Gerrish*, 9 Cush., 104; *Benthall* v. *Judkins*, 13 Met., 265; *Bickford* v. *Gibbs*, 8 Cush., 154; *Meconey* v. *Stanley*, 8 Cush., 85; *Essex Co.* v. *Edmonds*, 12 Gray, 273; *Clapp* v. *Rice*, 13 Gray, 403; *Stimson* v. *Silloway*, id., 405, n.; *Powers* v. *Eastman*, id., 405, n.) In the case in 12th Gray it was even held that the liability of the indorser, as maker, was so absolute as to render inadmissible, even between the original parties, evidence to prove the contrary to have been the intention of parties.

In Pennsylvania, on the other hand, it seems to be settled that, in the absence of any extrinsic proof of the intention of the parties, the indorsement is to be held as having been for the accommodation of the maker and *payee*, and renders the party making it liable only as indorser, and subsequent to the payee. But if it is proved by extrinsic evidence that he intended to give credit to the maker, with the payee, then he is liable to the latter as guarantor. (*Smith's Adm'rs* v. *Kessler*, 44 Penn., 142; *Barto* v. *Schnuck*, 28 Penn. St., 44; *Fegenbush* v. *Lang*, id., 193; *Scholtenberger* v. *Nehf*, id., 189; 4 Watts, 449; *Kyner* v. *Sharer*, 1 Harris, 444; *Taylor* v. *McCune*, 11 Penn. St., 466; *Patterson* v. *Todd et al.*, 6 Harris, 426.)

And see in Maine, *Sturtevant* v. *Randall* (53 Maine, 154); *Sewell* v. *Gage* (38 Maine, 36); *Malbow* v. *Southard* (36 id., 149); *Adams* v. *Hardy* (32 id., 339); *Irish* v. *Cutter* (31 id., 536); *Colburn* v. *Averell* (30 id., 310).

It seems from the Massachusetts cases, cited above, that the presumption is that the indorsement is made at the same time with the note, but if it affirmatively appear to have been made after delivery to the payee, it is a mere guaranty.

See, on the general subject, the following additional cases: (*Pearson* v. *Stoddard*, 9 Gray, 199; *Wright* v. *Morse*, id., 337; *Seymour* v. *Lyman*, 10 Ohio N. S., 283; *Heath* v. *Van Cott*, 9 Wisc., 516; *Peckham* v. *Gilman*, 7 Minn., 446; *Marienthal* v. *Taylor*, 2 Minn., 147; *McComb* v. *Thompson*, id., 139; *Winslow* v. *Boyden*, 1 Minn., 383; id., 369; *Perkins* v. *Barston*, 6

Rhode Island, 505; *Sill* v. *Leslie*, 16 Ind., 236; *Snyder* v. *Oatman*, id., 265; *Davis* v. *Barrow*, 13 Wisc., 227.)

In all the cases in this court, *Moore* v. *Cross*, *Richards* v. *Warring*, and the present case, the history and purpose of the indorsement were shown by extrinsic evidence. What the legal import of such an indorsement would be in the absence of any explanatory proof whatever may, perhaps, therefore, still be regarded as not yet strictly decided in this State, although the language of MASON, J., in his opinion, is general enough to cover such a case. [REP.]