JAMES CAWLEY, RESPONDENT, *v.* JAMES COSTELLO, APPELLANT, IMPLEADED WITH JAMES CAWLEY.

*Liability of one signing a non-negotiable note before the payee signs — what must be alleged in the complaint.*

Where the payee of a non-negotiable note seeks to charge one who has indorsed the same prior to its delivery to him, he must allege in the complaint that such person indorsed the note with intent to become liable thereon, either as maker or guarantor.

*Quœre*, whether the maker and guarantor could be joined as defendants in the same action, under section 120 of the Code of Civil Procedure.

APPEAL from an order made at the Onondaga Special Term, overruling the demurrer of the defendant Costello to the plaintiff's complaint, with liberty to defendant to answer, on payment of the costs of the demurrer. The notice of appeal in this case purports to give notice of appeal "from the interlocutory judgment entered in this action." The case, however, contains no such judgment, the order overruling the demurrer being apparently the last proceeding in the case prior to the service of the notice of appeal.

*Butterfield & Philips*, for the appellant.

*Beach & Brown*, for the respondent.

TALCOTT, P. J.:

This is an appeal from an order made at the Onondaga Special Term, overruling the demurrer of the defendant, Costello, to the plaintiff's complaint.

The complaint alleges that the defendant, Cawley, made his promissory note, "whereby by the name of James Cawley, for value received, he promised to pay James Cawley, two years after date, the sum of $200, with interest, at the Syracuse Savings Bank, and procured the same to be indorsed by said James Costello, and then and there delivered the same to the said payee, who thereupon indorsed the said note for collection, and deposited the same," and then avers the presentation of the said note for payment, and the demand and protest of the same, and of all which the said defendant has due notice. The defendant, James Costello, alone appeared in the action, and demurred to the complaint, because, as to him, the complaint did not state facts sufficient to constitute a cause of action, and that he was improperly made a party defendant.

The note set up appears to be a non-negotiable note. (1 Daniel on Negotiable Inst., 86 ; Edwards on Bills, 165.) The note not being negotiable, the writing of the name of the defendant across the back of it is not legally an indorsement of the note. (1 Daniel on Negotiable Inst., 524 ; *Waterbury* v. *Sinclair*, 16 How. Pr. R., 344 ; *Richards* v. *Warring*, 1 Keyes, 576 ; *Cromwell* v. *Hewitt*, 40 N. Y., 491.)

The complaint seeks to charge the defendant only as indorser, but the note not being negotiable, the defendant, Costello, can only be made liable as maker or guarantor; and if the plaintiff seeks to charge the defendant, Costello, in either of those characters, he must aver that he wrote his name on the back of the note with *intent to become liable thereon* in such character. (See cases above cited, and *Allen* v. *Patterson*, 3 Seld., 478.)

The plaintiff, in order to maintain his action, must aver that the defendant indorsed the note with intent to become liable thereon, either as maker or guarantor, and the facts necessary to maintain the action against Costello should have been averred in the complaint. (Code of Procedure, § 142, subd. 2.) Even if, in such case, the maker and guarantor be joined in the same

action as defendants, under section 120 of the Code of Procedure, upon which no opinion is expressed, yet a cause of action must be sufficiently stated as against each defendant.

The complaint also shows the note to have been made by the plaintiff and indorsed by said Costello for his accommodation; that is, the name of the maker of the note and the plaintiff being the same, without explanation, they are presumed to be the same person, and the purport of the complaint is a suit by the maker of the note against his accommodation indorser.

No suggestion was made on the argument that an appeal does not lie from the order overruling the demurrer; nor was the attention of the court called to the provisions of the Code on the subject of appeals from orders overruling a demurrer. The notice of appeal purports to be from an interlocutory judgment, though it does not appear that one was entered, no point being made on the subject it will be presumed.

The order of the Special Term must therefore be reversed, with leave to the plaintiff to amend within twenty days after service of a copy of the order, on payment of costs.

Order of Special Term overruling the demurrer reversed, with leave to the plaintiff to amend within twenty days after service of a copy of the order, and on payment of costs.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Ordered accordingly.