(41 App. Div. 193.)

## NAGEL et al. v. LUTZ et al.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

1. JOINDER OF SEPARATE CAUSES OF ACTION—DEMURRER.

An obligation executed by defendants in words and figures as follows, to wit, "On demand, after thirty days, we promise to pay to the order of N. seven hundred fifty dollars, also to C. the sum of seven hundred fifty dollars, with use," does not create a joint demand in favor of N. and C., and hence a complaint in an action by them is demurrable on the ground that separate causes of action in favor of each plaintiff have been united in one action.

2. MISJOINDER OF PARTIES PLAINTIFF.

It is also demurrable on the ground that there is a misjoinder of parties plaintiff.

Appeal from special term, Erie county.

Action by John F. Nagel and Charles H. Callahan against George F. Lutz and another. From an interlocutory judgment overruling a demurrer, defendants appeal. Reversed.

Appeal from an interlocutory judgment entered in Erie county on the 30th of December, 1898, overruling a demurrer. The special term found (1) that the causes of action in said complaint set forth are properly joined therein; (2) that the plaintiffs in this action are properly joined as parties plaintiff herein. The amended complaint alleged that the Superior Cycle Manufacturing Company is a domestic corporation; that on the 19th of May, 1897, for a good and valuable consideration to it in hand paid, it did make, execute, and deliver to the plaintiffs in this action a certain promissory note in words and figures following, to wit:

"Buffalo, N. Y., May 19, 1898.

"On demand, after 30 days, we promise to pay to the order of John F. Nagel seven hundred fifty ($750.00) dollars, also to Charles H. Callahan the sum of seven hundred fifty ($750.00) dollars, with use.

"Superior Cycle Manufacturing Company.
"John F. Nagel, President.
"William O. Ottenot, Secretary."

It is further alleged in the complaint, viz.: "That before the delivery of said note, and with intent to give the defendant Superior Cycle Manufacturing Company credit with the plaintiffs, and with intent to become bound thereon as first indorsers, the defendants William O. Ottenot, George F. Lutz, and William A. Lutz indorsed the same, and said note was then delivered to the plaintiffs for value; that thereafter, and on the 5th day of October, 1897, payment of said note was demanded of the defendant Superior Cycle Manufacturing Company, and payment thereof was refused; that thereupon the same was duly protested for nonpayment, and notice of such demand and refusal was duly given to said indorsers, the expense of which protest was $1.35; that the defendants, nor any of them, have never paid the note, nor any part thereof, but are justly indebted to the plaintiffs therefor." In the prayer of the complaint "the plaintiffs demand judgment against the defendants for the sum of fifteen hundred ($1,500) dollars, with interest thereon since May 19, 1897, and the further sum of $1.35, with costs of this action." The defendants demurred to the complaint on the

following grounds, viz.: "(1) Upon the ground that it appears upon the face of the complaint that causes of action have been improperly united herein; that is to say, a cause of action in favor of the plaintiff John F. Nagel against the defendants to recover from them the sum of $750 and interest, upon the demand against them set forth in the complaint, has been united with another and separate cause of action in favor of the plaintiff Charles H. Callahan against the same two defendants upon a cause of action in favor of the said Charles H. Callahan against the said defendants. (2) The said defendants also demur to the said amended complaint upon the ground that there is a misjoinder of parties plaintiff in the said complaint, in that it appears by the said complaint that the plaintiffs are not united in interest in any demand or demands alleged in said complaint to exist against these two defendants, and in that it appears that the action is brought to recover upon two alleged several demands, one in favor of one of the plaintiffs and the other in favor of the other, in neither of which several demands existing in favor of one of the said plaintiffs is the other of said plaintiffs interested."

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

Frank C. Ferguson, for appellants.
Charles Newton, for respondents.

HARDIN, P. J. The instrument set out in the complaint is a novelty. It contains two promissory notes, one of which is negotiable and was given for $750. The other is nonnegotiable, and was given for $750. The first runs to the plaintiff Nagel, and the second runs to and is made payable to the plaintiff Callahan. Plaintiffs have set out facts meagerly in respect to the indorsements made by the appellants, with a view of bringing the case within the doctrine laid down in Moore v. Cross, 19 N. Y. 227, in which case it was held, viz.:

"One who, for the accommodation of the maker, indorses his note payable to the order of a third person, is liable thereon to such payee as indorser."

In the case from which the quotation has been made the note was payable to the order of James Moore, and the question in the case was whether Moore could recover against the indorsers, and, it having been made to appear that the indorsers placed their names on the note with a view of giving credit to the maker with the payee, such liability could be enforced. In the course of the opinion it was said:

"It seems to me that, under the present system, if a right so to indorse appears, and it may be done even at the trial, that substantial justice is promoted by regarding it as done, and looking upon its actual doing as the merest matter of form."

The doctrine laid down in that case has been approved in several subsequent cases. Meyer v. Hibsher, 47 N. Y. 265; Coulter v. Richmond, 59 N. Y. 478; McMullen v. Rafferty, 89 N. Y. 458; Trust Co. v. Storm, 81 Hun, 36, 30 N. Y. Supp. 605; Montgomery v. Schenck, 82 Hun, 24, 31 N. Y. Supp. 42; Richards v. Warring, *40 N. Y. 576; Witherow v. Slayback, 158 N. Y. 657; 53 N. E. 681.

As already observed, the $750 note to Callahan was nonnegotiable. However, the appellants, by placing their name upon the back of the note, if the facts as stated in the complaint are true, became liable upon it.

In Cromwell v. Hewitt, 40 N. Y. 491, it was held:

"One who writes his name upon the back of a nonnegotiable note may be held liable by the holder as guarantor or maker, and is not entitled to notice of demand or nonpayment."

In McMullen v. Rafferty, 89 N. Y. 456, a headnote reads:

"One H. executed and delivered to plaintiff a nonnegotiable note, made payable on demand, upon the back of which the defendant had written his name. In an action thereon, held, that defendant did not, in a commercial sense, become an indorser, but could be treated by plaintiff either as maker or guarantor; and in either capacity the cause of action accrued against him immediately upon the execution of the note, and without demand. * * *"

In the course of the opinion delivered in Trust Co. v. Storm, 81 Hun, 33, 30 N. Y. Supp. 605, it was said:

"As to notes not negotiable in form, it has been regarded, since the decision in Richards v. Warring, *40 N. Y. 576, and Cromwell v. Hewitt, 40 N. Y. 491, as authoritatively settled in this state that the payee or holder may charge the party who puts his name on the back of the note as either maker or guarantor, according to the actual intention. These cases substantially proceed upon the principle that, as to notes not negotiable, no contract of indorsement, in a legal sense, can be presumed from the position of a person's name upon the back of the notes; and, as he must have intended to bind himself in some capacity, the court will construe his contract to be that of either co-maker or guarantor of the maker."

Plaintiffs' complaint does not set out a joint cause of action in favor of the two plaintiffs. Each plaintiff has an independent, separate cause of action against the appellants, and has improperly united the several causes of action in a joint complaint.

In Murray v. Hay, 1 Barb. Ch. 59, it was held:

"As a general principle, several complainants, having distinct and independent claims to relief against a defendant, cannot join in a suit for the separate relief of each. Nor can a single complainant, having distinct and independent claims to relief against two or more defendants severally, join them in the same bill."

In Hees v. Nellis, 1 Thomp. & C. 118, a bond had been executed for the payment of $400 to the heirs of J. L., and an action was brought by one of the heirs separately for one-eighth of the $400; and it was held that the plaintiff could maintain a separate suit on the bond, and need not join the other payees as parties.

In Mann v. Marsh, 35 Barb. 68, it was held, viz.:

"When two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie."

Near the close of the opinion of Allen, J., in that case, it was said:

"I am of the opinion (1) that when two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie. * * *"

In Hynes v. Trust Co. (Sup.) 9 N. Y. Supp. 260, it was held that two independent causes of action were improperly joined, as the complaint did not show any joint interest in the several plaintiffs. In the course of the opinion delivered in that case it was said:

"As a general principle, several plaintiffs, having distinct and independent claims against a defendant, cannot join in a suit for the separate relief of each."

In Hufnagel v. Village of Mt. Vernon, 49 Hun, 287, 1 N. Y. Supp. 787, a joint action was brought to recover damages by a husband

and wife. The damages accrued on one occasion when the husband owned the property, and on another occasion when the wife owned the property; and as the damages were sustained at different times, and in favor of different owners, it was held a joint action would not lie in the name of the husband and wife.

In Gray v. Rothschild, 48 Hun, 596, 1 N. Y. Supp. 299, affirmed in 112 N. Y. 628, 19 N. E. 847, it appeared by the complaint that seven different firms, who had sold goods at different times to some of the defendants, united in an action to recover "damages amounting to the aggregate sum owing to the several firms, joined as plaintiffs, for the sale of their goods and merchandise." A demurrer was interposed on the ground of misjoinder of plaintiffs, and it was held that causes of action had been improperly united, and the demurrer was sustained. When the case was decided in the court of appeals, in the course of the memorandum prepared by Danforth, J., he said:

"It may very well be that each plaintiff has a good cause of action against the defendants, but the plaintiffs have none common to all, or jointly with each other. Each individual and each firm may have been defrauded by similar, although not the same, representations; but the complaint shows that each has suffered separately, and its whole scope and meaning is inconsistent with the idea that the plaintiffs, or any two or more of them, are jointly prejudiced. As the objection appears upon the face of the complaint, the demurrer was well taken."

In Nichols v. Drew, 94 N. Y. 22, in the course of the opinion delivered, an objection was considered to the uniting of two causes of action, and it was said:

"Those arising on contract and affecting all the parties may be joined. Those arising on contract, but inconsistent with each other, or not affecting all the parties, cannot be joined, and the defect may be reached by demurrer."

Section 449 of the Code of Civil Procedure provides that "every action must be prosecuted in the name of the real party in interest." Nagel has no interest in Callahan's cause of action, nor has Callahan any interest in Nagel's cause of action, set out in the complaint. The stipulation in the instrument set out in the complaint is to the effect that the maker of the note shall pay a certain sum to each promisee therein mentioned, and it creates a several right in each promisee. Therefore a separate action may be maintained in the name of each plaintiff. See Bliss, Code Pl. (2d Ed.) p. 94.

In Bort v. Yaw, 46 Iowa, 324, it was held:

"A joint action cannot be maintained against a common defendant by two parties having distinct and separate causes of action, while neither has an interest in the cause of action of the other."

In Tate v. Railroad Co., 10 Ind. 174, it was held:

"Two or more persons having separate causes of action against the same defendant, although arising out of the same transaction, cannot unite."

The same doctrine was laid down in Goodnight v. Goar, 30 Ind. 418. The latter case is commented upon quite extensively by Judge Daniels in Gray v. Rothschild, supra.

The learned counsel for the respondents calls our attention to

Loomis v. Brown, 16 Barb. 325. In the course of the opinion of Gridley, J., at page 332, he says, "In fact, there is an additional reason for the present plaintiff's joining; and that is, the covenant to them jointly." We think that case is distinguishable from the one before us. Nor do we see anything in Brett v. Society, 5 Hun, 149, which aids the contention of the respondents. In that case an action was brought by several parties as owners of a fund, and a recovery was allowed. The learned counsel for the respondents calls our attention to Simar v. Canaday, 53 N. Y. 298, which was an action brought by a husband and wife to recover damages sustained by reason of a fraud inducing them to convey their real estate, and a question was made at the trial (not upon demurrer) as to whether there should be a recovery; and the objection was disposed of in an opinion delivered by Folger, J., in which he says:

"Here both plaintiffs have an interest in the subject of the action, be that subject the property conveyed, or the acts of the defendant and the consequent damage, and both have an interest in obtaining the relief demanded. There is a common point of controversy, the decision of which affects the whole, and will settle the rights of all,' so far as the issues in this action are concerned."

We see nothing in that case which sustains the claim of the plaintiffs to unite distinct, separate, and independent causes of action, where no joint contract exists in favor of the plaintiffs.

We think the learned special term fell into an error in overruling the demurrer to the complaint.

It is suggested in behalf of the respondents that, in the event of our decision being adverse to them, the action be directed to be severed, pursuant to section 497 of the Code of Civil Procedure. We think that request is reasonable.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiffs to amend the complaint upon payment of the costs of the demurrer and of this appeal; and leave granted to sever the action, pursuant to section 497 of the Code of Civil Procedure. All concur.