SUSAN LUDWIG, The (HARRISON v.) See Case No. 6,145a.

# Case No. 13,635.

## SUSQUEHANNA BRIDGE & BANK CO. v. EVANS et al.

[4 Wash. C. C. 480.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1824.

EVIDENCE — PAROL — TO ALTER WRITTEN AGREEMENT—CONTRACTS IMPLIED BY OPERATION OF LAW—INDORSER OF NOTE.

The reasons which forbid the admission of parol evidence to alter or explain written agree-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

ments and other instruments, do not apply to those contracts implied by operation of law, such as that which the law implies with respect to the indorse) of a note of hand.

[Cited in Bank of U. S. v. Dunn, 6 Pet. (31 U. S.) 58; Phillips v. Preston, 5 How. (46 U. S.) 292; Halsey v. Hurd, Case No. 5,967; Dessau v. Bours, Id. 3,825; Goldsmith v. Holmes, 36 Fed. 486; Martin v. Cole, 104 U. S. 36.]

[Cited in brief in Goodwin v. Davenport, 47 Me. 115. Cited in Holmes v. First Nat. Bank, 38 Neb 326, 56 N. W. 1013; Ross v. Espy, 66 Pa. St 483; Smith v. Morrill, 54 Me. 52.]

Action of assumpsit by the president and directors of this company upon a note of hand, dated the 3d of September, 1817, made by T. Burr, payable to defendants [Evans and Evans], one hundred and twenty days after date, negotiable at the bank of the plaintiffs, where it was discounted. On the 3d of January, 1818, the note was regularly protested, according to the provisions of the act of incorporation of the state of Maryland. The defendants gave in evidence, without opposition, (the plaintiff's counsel reserving the right to question its admissibility on the argument of the cause to the jury,) that, at the time this note was discounted, the plaintiffs agreed that, when it came to maturity, the plaintiffs would charge the amount to Burr, the maker, (who was then engaged in constructing a bridge across the Susquehanna for the plaintiffs,) if they were then indebted to him in a sum equal to the amount of the note, and not look to the defendants for payment. The contract, proved by a witness of the plaintiffs was, that if, when the bridge should be finished, there should be a balance due to Burr equal to the amount of this note, it should be charged to him, and that they would not look to the defendants. It appeared on evidence that, at each of the above periods the plaintiffs were indebted to Burr a much larger sum than the amount of the note in question. It further appeared that Burr had executed mortgages to the plaintiffs and assigned to them certain securities, which the plaintiffs afterwards released; but what was the particular reason for giving these securities did not appear, otherwise than by the evidence of a witness, who deposed that the object was to protect the plaintiffs against the creditors of Burr. Evidence was given that the president and directors of this bank and bridge company were citizens of Maryland, but that some of the stockholders were citizens of Pennsylvania.

For the plaintiffs it was contended (1) that the parol agreement attempted to be proved between the plaintiffs and defendants was inadmissible to control the contract which the law created to bind the defendants as assignees of this note. 3 Camp. 57; 7 Mass. 518; Phil. Ev. 424, 433, 442; 11 Mass. 29; 8 Johns. 189

But if the evidence be admissible, still it appears from the minutes of the board, that,

on the day when this note was discounted, only five directors were present, whereas the charter of incorporation requires that nine directors should be necessary to form a board to transact the ordinary business of the institution, although five are sufficient to make discounts. It was further insisted, that the weight of evidence was in favour of the agreement to charge that bill to Burr, in case a balance should be in his favour on the completion of the bridge.

The counsel for the defendants insisted: (1) That parol evidence of the agreement was properly admitted Whart. Dig. pp. 253, 254, pl. 382, 384, 5 Serg. & R. 363; 3 Serg. & R. 609. That the witnesses prove that this agreement was made between the plaintiffs and defendants. And that it is of no consequence whether the agreement was as the plaintiff contends for, or as it is proved by the defendants. (2) That the plaintiffs, by surrendering to Burr, the principal debtor, the securities they held, discharged the defendants, the indorsers. 1 Madd. 235; 3 Bos. & P. 363; Chit. Bills, 374; 2 Bos. & P. 61; 8 Serg. & R. 457, 4 Johns. Ch. 130. (3) That this court has no jurisdiction. It is not sufficient that the president and directors are citizens of Maryland, all the members of the corporate body must be so. They are emphatically the plaintiffs, suing by their corporate name. But some of those members are citizens of the same state with the defendants. [Turner v. Bank of North America] 4 Dall. [4 U. S.] 11; Bank of U. S. v. Deveaux, 5 Cranch [9 U. S.] 61; [Strawbridge v. Curtiss] 3 Cranch [7 U. S.] 267; Whart. Dig. 113; [Browne v. Strode] 5 Cranch [9 U S.] 303; Kyd. Corp. 231; 5 Johns. Ch. 303.

Upon the question of jurisdiction, the plaintiff cited Serg. Const. Law. 113; [Chappedelaine v. Dechenaux] 4 Cranch [8 U. S.] 306; [Skillern v May] 6 Cranch [10 U. S.] 267.

Mr. Cohen, for plaintiffs.
Mr. Purdon, for defendants.

WASHINGTON, Circuit Justice. The reasons which forbid the admission of parol evidence to alter, or explain written agreements, and other instruments, do not apply to those contracts implied by operation of law, such as that which the law implies in respect to the indorser of a note of hand. The evidence of the agreement made between the plaintiffs and defendants, whereby the latter were to be discharged on the happening of a particular event, was therefore properly admitted What that agreement was, the jury must decide from that evidence. But it appears to the court to be quite immaterial whether the defendants were to be exonerated in case the plaintiffs should be indebted to Burr to a greater amount than this note at the time when it should become due, or when the work should be finished; provided you are satisfied that

they were so indebted when the latter event happened. As to the objection made by the defendants' counsel, on the ground of the surrender to Burr of the securities he had given them, no opinion respecting it need be given, since the contract between the plaintiffs and Burr, pointing out the objects for which the security was given, is not before the court, and parol evidence of its contents is inadmissible.

No opinion need be given upon the question of jurisdiction, although we have a decided one, as it seems to the court that the plaintiffs must fail upon the first. If, however, the jury should think otherwise, they will find, subject to the opinion of the court, whether the court has jurisdiction, the president and directors being citizens of Maryland, and some of the stockholders citizens of this state. Verdict for defendants.

NOTE BY MR. JUSTICE WASHINGTON. My opinion upon the point of jurisdiction was that the court could not take it, if any of the stockholders were citizens of this state, although the president and directors were not. The corporate body are the plaintiffs, although they sue by their corporate name. This is obviously the meaning of what was said in Bank of U. S. v. Deveaux [supra], which was misunderstood by Mr. Sergeant in his Constitutional Law.