Lewis Hancock *versus* George A. Fairfield.

Parol evidence is not admissible to control the legal effect of bills of exchange.

An agent who draws a bill in his own name is personally bound.

Assumpsit, against defendant as drawer of a bill of exchange, accepted and protested for non-payment.

At the trial, before Wells J. there was no question as to notice. The defendant called a witness who testified that on the day the draft was drawn, the defendant, then being sick, showed to the plaintiff a letter from the acceptor, ordering the purchase of some specified lumber for a certain schooner, and directing him to draw on the writer for the amount. The lumber was purchased of plaintiff, the draft was drawn, and

Hancock *v.* Fairfield.

the plaintiff gave to the defendant a receipt in full for the lumber. When the plaintiff signed the receipt, he said he had no claims on the defendant, that all he had to look to was the person on whom the draft was drawn, whom he considered responsible.

The defendant also offered to prove that, at the time the draft was given, the plaintiff agreed that he would not hold defendant accountable, but would look only to the drawee for payment, but the Court rejected the testimony, and also ruled that the evidence admitted did not constitute a defence to the suit. Thereupon the defendant submitted to a default, which was to be taken off, and the action stand for trial, if in the opinion of the full Court, the evidence offered should have been admitted, or if the facts proved were sufficient to constitute a defence to the suit.

*Jewett* and *Crosby,* for defendant.

An agent who discloses his agency is not bound, but his principal is.

The only exception is, where an agent signs without describing his agency in the contract or as agent.

The reason given is, that he *may* bind himself, and by the form of the contract, it is presumed that he intended to do so.

The inquiry in all cases is, to whom was the credit given. 12 Johns. 385; *Rathburn* v. *Budlong,* 15 Johns. 1.

Presumptions as to the intentions of parties may always be controlled by proof of their actual agreements. They may be rebutted by every sort of evidence, whether at law or equity. *Brady* v. *Cubitt,* 1 Doug. 31; *Davenport* v. *Mason,* 15 Mass. 85; 2 Stark. Ev. 568.

The distinction between cases in the books and the case at bar is this: — where the agent has been held liable, it did not appear that the credit was given solely to the principal; in this case it does so appear. *Miles* v. *O'Hara,* 1 S. & R. 32. The letter shown to plaintiff, at date of draft, forms part of the contract, and sufficiently describes defendant's agency. *Storer* v. *Logan,* 9 Mass. 55.

The evidence offered and rejected showed the true contract.

The rule, relating to the admission of parol testimony to vary a written contract, is given in *Boody* v. *McKinney*, 23 Maine, 517, thus, " parol evidence cannot be received to vary the meaning of a written contract by adding to its *terms,* or by extending or limiting them, or by introducing an exception or qualification, or by proving a different contemporaneous agreement." *Stackpole* v. *Arnold,* 11 Mass. 27, is the leading case. 4 Greenl. 497.

Reason for rule is, that parties have concurred in expressing their whole contract in the terms they use. 10 Mass. 244.

It applies then only to those contracts, which express in words and terms the meaning of the parties. The rule does not apply to contracts, implied by operation of law. *Susquehanna Bridge Co.* v. *Evans,* 4 Wash. C. C. R. 480.

The case at bar is analagous to an accommodation note, where parol evidence is received to show that no consideration passed between the parties, although the note might be good in the hands of a third party. No consideration passed between these parties. *Miles* v. *O'Hara,* before cited.

The evidence offered was admissible to show fraud in the plaintiff in setting up this claim. *Hurst* v. *Kirkbride,* cited 1st Binney, 616 ; *Hill* v. *Ely,* 5 Serg. & Rawle, 363 ; *Christ* v. *Diffenbech,* 1 S. & R. 464.

The evidence offered, was to prove an express declaration of parties, contradicting any implied promise.

The law never implies a promise, where there is an express promise, or against the express declaration of the party sought to be charged. *Whiting* v. *Sullivan,* 7 Mass. 107.

*McDonald* and *Burnham,* for plaintiff.

TENNEY, J. — The bill of exchange declared on, the protest, and the admission of the defendant, that he had received notice of the dishonor of bill by the acceptor, in due season, were sufficient to entitle the plaintiff to a verdict, unless this evidence should be controlled by competent proof. The evidence introduced by the defendant had no tendency to produce

such an effect, and that offered and rejected, was inadmissible according to well settled principles.

" As to agents, if they draw, indorse or accept bills in their own names, although on account, and for the benefit of their principals, they are held personally liable, because they alone can be treated on the face of the bills as parties. If they would bind their principals, they must draw, indorse or accept the bills in the name of their principals, and sign for them and in their names." Story on Bills, sect. 76, and notes and cases cited. In *Stackpole* v. *Arnold,* 11 Mass. 27, the Court say, " whatever authority the signer may have to bind another, if he does not sign as agent or attorney, he binds himself and no other person."

The bill is drawn in the common form, and signed by the defendant. There is nothing thereon, indicating in the least, that he intended to act in any other character, than that of principal. *Judgment on default.*