### DANIEL EVANS *versus* SMITH.

A part payment by the maker of a promissory note, within six years before the commencement of an action upon it, takes it from the operation of the limitation bar.

The payee of a negotiable note, who has indorsed it without recourse, and has received from the indorsee a release of all liabilities in connection with the note, is a competent witness for the indorsee to prove that, before the note was indorsed, the maker paid a part of it, and thus to remove the limitation bar.

ASSUMPSIT upon an unwitnessed promissory note of $1200, dated in 1839, payable to William Evans or order, and by him indorsed to the plaintiff " without recourse." There was upon the note an indorsement of $125 under date of 4th January, 1845. The writ was dated 26th Dec. 1850.

To avoid the limitation bar, the plaintiff released the payee from all liabilities in relation to the note, and relied upon the testimony he would give, if admissible, and it was agreed that he would testify that the defendant paid the $125 on said 4th January, 1845, and requested the witness to indorse it upon the note, which he accordingly did at that time, and that he

afterwards indorsed the note to the plaintiff for the consideration of one dollar, and has now no interest in it.

*Butler*, for the plaintiff.

*Fessenden & Deblois*, for the defendant.

HOWARD, J., orally. — There is no valid objection to the admissibility of the witness. It is not a sound principle that, in order to take a note from the operation of the statute, the indorsement must be made in the handwriting of the debtor. It is the fact of the part-payment within six years from the commencement of the suit, which has that effect. Such a payment is distinctly shown by the testimony, which it is admitted William Evans would give. *Defendant defaulted.*