## WHEELER, ADM'R, v. ROBINSON.

In an action of assumpsit by an administrator to recover the amount of a promissory note from the defendant to his intestate, where the defence was the statute of limitations, it appeared that there were two indorsements on the note sued, both bearing date within six years before the date of the writ.  The first was in the hand-writing of the deceased, who died within less than six years after the note was given;—*Held*, that the first indorsement was properly admitted as evidence tending to show a new promise; that the second indorsement, not appearing to be in the hand-writing of the deceased, would not, in the absence of any other evidence of a corresponding payment, be admissible for the same purpose; but that the admission of the second indorsement, in connection with the note and the first indorsement, under the circumstances of this case, does not furnish ground for setting aside the verdict.

ASSUMPSIT, by Eben T. Wheeler, administrator of Myron W. Wood, against William Robinson.   Plaintiff's declaration embraced two counts: 1st, upon a promissory note, payable to said Wood.   2nd, for money had and received, wherein the same note was relied on.   The pleas were the general issue, and the statute of limitations upon which issue was joined.   The action was, by consent of parties, tried by the court.   The plaintiff offered in evidence the following promissory note, with two indorsements thereon, viz.: " Hancock, Nov. 19, 1860.   For value received I promise to pay Myron W. Wood, or his order, two hundred dollars on demand, with interest annually.   WILLIAM ROBINSON."   Upon which note were the following indorsements, viz.: " April 1, 1863, received twenty dollars; November 1, 1863, received sixteen dollars."   There was no dispute about the signature of the defendant to the note.   It was also admitted that the first indorsement on said note was in the hand-writing of the holder (Wood) while alive, and neither of them is in the hand-writing of the defendant.   Wood died December 24, 1864.   The plaintiff contended that the indorsements on said note were *prima facie* evidence of the actual presumptive payments as represented by them, and that they were made at the times they purport to bear date, and that the burden of proving the dates false was on the defendant.

As opposing proof, the defendant offered the testimony of the defendant; but it appearing to the court that Wheeler, the present legal rep-

resentative of Wood, had no personal knowledge in relation to this note or its indorsements, and that it had come to him among the other papers of the deceased as part of the property of the estate, therefore the court, in the exercise of its discretion, excluded the testimony of the defendant upon the ground that it would now be unequal and unjust to allow the defendant to testify, inasmuch as the other party (Wood) being dead, could not contradict or explain the evidence. To this ruling the defendant excepted. The court found a verdict for the plaintiff for the amount due on the note, which the defendant moved to set aside.

*A. W. Sawyer*, for plaintiff.

*Briggs & Harnden*, for defendant.

LADD, J. The note was dated Nov. 19, 1860. Wood died Dec. 24, 1864 ; and the first indorsement relied on as evidence from which a new promise may be found was in his hand-writing ; so that it appears by evidence *aliunde* that this indorsement must have been made, at the least, about two years before the statute would attach, if not at the time of its date.

The question is whether, under these circumstances, the indorsement was evidence legally admissible to show part payment, from which a new promise to pay the balance might be inferred.

It is said to be well settled that a mere indorsement by the plaintiff, without the knowledge of the defendant, on proof of payment of the sum indorsed, will not avoid the statute. *Whitney* v. *Bigelow*, 4 Pick. 110. And in *Marshall* v. *Daniels*, 18 N. H. 364, the general proposition is laid down that an indorsement, standing alone, is not of itself evidence that any payment was made at the time of its date so as to take the case out of the statute of limitations.

We think the doctrine of these cases is correct. To hold otherwise would be allowing a party to introduce his own declarations or writings in his own favor, when such declarations or writings may have been made for the express purpose of creating the evidence.

But it has been held in a large number of cases, commencing, perhaps, with *Searle* v. *Barrington*, stated in 1 Greenl. Ev., § 122, that where there is other evidence to show that the indorsement was actually made, in the usual course of business, at a time when it was against the interest of the party making it, the indorsement should go to the jury ; and that from it, in the absence of opposing proof, the fact of actual payment might be inferred. 1 Greenl. Ev., §§ 121, 122, and cases cited in notes.

The case of *Coffin* v. *Bucknam*, 3 Fairf. (12 Maine) 471, was almost identical in its facts with the one at bar. That was assumpsit upon two promissory notes dated April 6, 1825, given by the defendant to Joseph Wilson, and by him indorsed to the plaintiff's intestate. The writ was dated August 8, 1833. Defence, the statute of limitations. As evidence of a new promise, the plaintiff relied upon an indorsement of four dollars purporting to have been made December 16, 1828,

and in the hand-writing of the intestate, who died in June, 1829. There was no other evidence of the time when the indorsement was actually made. Upon these facts the court say, " Is there competent proof that the indorsement was made upon payment by the defendant ? We are of opinion that there is. The indorsement must have been made before the six years had expired; for the note was given in 1825, and the testator died in 1829. At the time of the indorsement, he was under no temptation to make it for the sake of evidence ; as the statute would not have attached for more than two years. The indorsement was then clearly against his interest, furnishing proof that he had received part of the contents of the note. This never could have been done if the sum indorsed had not been paid ; and it could have been paid only by the defendant, or by some one authorized by him. These are inferences justified by common experience, and they are of a character to satisfy the mind. Proof of this description is a kind of moral evidence, in regard to which no reasonable doubt can be entertained."

In delivering this judgment, it appears that the court had in mind the case of *Whitney* v. *Bigelow*, already cited, for that case is referred to and approved.

It will be noticed, also, that much stress is placed upon the fact that the indorsement was, at the time it was made, against the interest of the party making it.

Professor Greenleaf prefers to place the admissibility of indorsements in such cases on the broader ground that they are verbal, contemporaneous acts of the party making them, belonging ordinarily and naturally to the principal thing, that is, the payment, and therefore admissible as part of the *res gestæ;* and he deduces the rule that " wherever an indorsement is shown to have been made at the time it bears date, the presumption naturally arising is, that the money mentioned in it was paid at the time ; " and he further holds, that if there is no evidence to the contrary, the presumption is that the indorsement was made at the time it purports to bear date; and the burden of proving the date to be false lies on the other party. 1 Greenl. Ev., §§ 120, 121. It is not necessary to inquire how far these propositions may be at variance with the law of this State, as settled in *Marshall* v. *Daniels ;* for without adopting them, or disturbing the authority of that case, it may be safely said that when the payee of a promissory note, against his own interest, and with no motive to make a false entry, indorses a sum as paid thereon, such indorsement, upon the clearest dictates of reason and sound common sense, ought to be received as evidence of a corresponding payment. See *Warren* v. *Greenville*, 2 Stra. 1129; *Higham* v. *Ridgway*, 10 East. 109 ; *Doe* dem. *Reece* v. *Robson*, 15 East. 32 ; *Chandler* v. *Lawrence*, 3 Mich. 261 ; *Evans* v. *Smith*, 34 Maine 33 ; *Chase* v. *Smith*, 5 Vt. 556 ; *Sherman* v. *Crosby*, 11 Johns. 70.

It is obvious that a false indorsement may be made before the period of limitation as well as after, with the fraudulent purpose of creating evidence of a new promise ; but the question whether this has been done in any case is one of fact for the jury, to be determined upon such

evidence of the time and circumstances of the transaction as may be laid before them.

When there is evidence, like the fact of the indorsement having been actually put upon the note by the payee before the right of recovery was gone under the statute, tending to show that the indorsement was an act against the interest of the party making it, the proper course is to allow the indorsement, together with all evidence tending to show the purpose of the party in making it, to go to the jury, the question 'for the jury being whether a payment was actually made or not. If they find a payment, they may, and in the absence of evidence to vary or control it, they should, infer a new promise to pay the balance. *Jones* v. *Jones*, 21 N. H. 219; *Whipple* v. *Stevens*, 22 N. H. 219.

We think the first indorsement was properly admitted.

From what has been said, it is obvious that the second indorsement, dated November 1, 1863, taken alone, would be inadmissible. It does not appear when or by whom it was made, and there is nothing from which it can be presumed that a payment was made at the time of its date. The question then is, whether the verdict must be set aside because this indorsement was not excluded. We think not. No distinction between the two indorsements seems to have been considered by anybody at the trial. The plaintiff claimed as to both alike, that they were *prima facie* evidence of the actual presumptive payments as represented by them, and that they were made at the times they purport to bear date, and that the burden of proving the dates false was on the defendant. It does not appear that the admission of either was objected to by defendant, the only question at the trial apparently being, what effect should be given them as evidence ; and it has not been claimed in argument but that, if either can legally be considered as evidence of a payment within six years before the date of the writ, the plaintiff is entitled to a verdict.

The first indorsement was properly admitted to prove part payment; and this was sufficient, in the absence of anything to contradict or control it, to show a new promise ; and inasmuch as there was no evidence of any act or declaration by the defendant inconsistent with the idea of his liability and willingness to pay, a jury must have found from this evidence alone a new promise, and therefore a verdict for the plaintiff for the amount of the note. *Jones* v. *Jones*, 21 N. H. 219; *Whipple* v. *Stevens*, 22 N. H. 219.

The court can see that the admission of the second indorsement did not prejudice the defendant, because one new promise is as good as two.

The defendant was offered as a witness to explain the indorsements. It is difficult to see how he could have testified to anything that would change the legal effect to be given them as evidence of a new promise, without going into matters that must have been equally within the knowledge of the intestate, Wood.

We think, therefore, it was a proper exercise of discretion by the court, at the trial, to exclude him.

*Judgment on the verdict.*