DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

AT MARCH TERM, 1871.

---

## WILLIAM H. CHADDOCK v. JACOB S. VANNESS.

1. The endorsement of a negotiable note by the payee, and its delivery to the endorsee for an adequate consideration, transfers the interest of the endorser, and also, unless qualified in express terms, amounts to an undertaking that if the note is not paid at maturity, and the endorser has due notice of dishonor, he will pay it, which, in law, is a contract on the part of the endorser in favor of the endorsee, and every subsequent holder to whom the note is transferred.

2. As applied to commercial paper drawn and endorsed so as to create the usual contract of endorsement, the weight of authority greatly preponderates against the admission of parol evidence to qualify or vary the contract of endorsement. Its competency is limited to exceptional cases, where the evidence is introduced to establish a defect in the consideration, or the instrument is informal, and therefore no commercial contract is created by the endorsement, *per se*. In this respect there is no distinction between an endorsement in blank and an endorsement in full. *Johnson* v. *Martinus*, 4 *Halst.* 144, disapproved.

3. The mere signature of a third person on the back of a negotiable note before its endorsement by the payee creates, *per se*, no implied or commercial contract whatever. The liability of such third person will be that of a second endorser, or of surety for the maker, according to the

517

intention with which he became a party to the note, and parol evi-
dence is competent for the purpose of showing what such intention was.

4. One not named as payee, who puts his name on the back of a note
before delivery to the payee, will be held liable on it as an original
promisor, if it be proved that he wrote his name on the note as surety
for the maker, upon the faith of which money was loaned or credit
given by the payee to the maker. His liability is that of a joint and
several maker of the note. Forbearance of a precedent debt of the
principal is a sufficient consideration for such undertaking. And
though the payee afterwards endorses his name on the note and uses
it for his own purposes for discount at a bank, he may, if compelled
to take up the note, erase his own endorsement, and recover of the
other parties as makers, upon proof of the original contract under
which the note was given.

5. The admissibility of parol evidence in relation to commercial paper
considered—per DEPUE, J.

On error to the Supreme Court.

Vanness sued Chaddock on a promissory note, of which
the following is a copy :

" $2091.98.            JERSEY CITY, April 16th, 1869.
" Three months after date, I promise to pay to the order of
Jacob S. Vanness two thousand and ninety-one and ninety-
eight hundredths dollars, without defalcation or discount, for
value received, payable at Hudson County Bank.
                                    " A. A. WOODWARD."
Endorsed—W. H. Chaddock, Jacob S. Vanness.

Vanness, the payee of the note, sought to hold Chaddock
liable on it, either as a guarantor, maker, or first endorser.
The declaration contained counts adapted to a liability on
each of these grounds. In one of the counts the note was
declared on as the joint and several note of Woodward and
Chaddock. The cause was tried at the Hudson Circuit, be-
fore the court, (a jury being waived,) and resulted in a finding
in favor of the plaintiff, on which judgment was entered in
the Supreme Court.

For the plaintiff in error, *J. Dixon, Jr.*

Contra, *C. Parker.*

The opinion of the court was delivered by

DEPUE, J. The bills of exception taken at the trial raise two questions : *First.* Whether parol evidence was properly received to show the circumstances under which the note was given, and the defendant became a party to it. And, *Second.* Whether the facts proved by the plaintiff were sufficient in law to justify a judgment in his favor.

The facts proved were, that the note was made by Woodward for a precedent debt due from him to the plaintiff; that Chaddock, Woodward, and the plaintiff refused to take Woodward's note, unless he had security on it. Chaddock consented to be security, and sat down and drew the note, and Woodward signed it; then Chaddock turned the note over and put his name upon the back of it, and handed it to the plaintiff. Upon these facts, the judge at the Circuit found that Chaddock put his name on the note as surety for Woodward, and not as a second endorser, to enable Vanness to get the note discounted at the bank.

The ground upon which this evidence was objected to was, that it changed the written contract which arose from the note, and the endorsement of it by the parties whose names were written on the back. The argument was, that the note, when produced, established a contract, whereby the defendant became the second endorser of the note, and that no parol evidence could be received to vary the legal effect of that contract of endorsement, and fix the defendant with a liability thereon in any other relation. It is insisted the admission of this evidence was in violation of the rule of law, that parol evidence is inadmissible to alter or vary a contract which is in writing.

The principle just stated is an inflexible rule of evidence. If it applies to the circumstances of this case, and to the

subject matter of this litigation as between these parties, this court must give effect to it.

Parol evidence may undoubtedly be given of the circumstances under which a note or its endorsement was made, in order to show a want or failure of consideration, or illegality in the transaction, or to present the defence of a fraudulent appropriation of the note to a purpose for which it was not intended; or to establish a contemporaneous agreement as to the mode of payment, which has been executed in satisfaction of the debt. *Chitty on Bills* 69, 142; *Duncan, Sherman & Co.* v. *Gilbert*, 5 *Dutcher* 521; *Oliver* v. *Phelps, Spencer* 180; *S. C.*, 1 *Zab.* 597.

It will be excluded, when offered to vary the contract of acceptance, which is made by the drawee of a bill of exchange by writing upon it the word "accepted," or words of like import or design. *Meyer* v. *Beardsley*, 1 *Vroom* 236; *Besant* v. *Cross*, 10 *C. B.* 895; *Young* v. *Austin*, *L. R.*, 4 *C. P.* 553; or to show that a note was to be payable in a manner or upon a contingency not expressed on its face. *Rawson* v. *Walker*, 1 *Starkie* 361; *Campbell* v. *Hodgson*, 1 *Gow.* 74; *Woodbridge* v. *Spooner*, 3 *B. & Ald.* 233; *Foster* v. *Telly*, 1 *C., M. & R.* 703; *Payne* v. *Ladue*, 1 *Hill* 116; *Hanchet* v. *Birge*, 12 *Met.* 545.

As between endorsee and his endorser, or a subsequent holder without superior equities, parol evidence is competent to show that the endorsement was for the accommodation of the endorsee, (*Chitty on Bills* 70;) or was made without consideration, as that the bill or note was endorsed as agent for the endorsee, merely for the purpose of remittance to him, in pursuance of the usual course of business between the parties; (*Pollock* v. *Bradbury*, 8 *Moore P. C. C.* 227;) or was endorsed and delivered to the endorsee for collection for the benefit of the endorser; (*Denton* v. *Peters, Law Rep.*, 5 *Q. B.* 475;) or that the endorsement was upon a consideration which was conditional, and was not performed. *Goggerty* v. *Cuthbert*, 2 *B. & P.*, *N. R.* 170; *Clanch* v. *White*, 1 *Bing.*, *N. C.* 414; *Bell* v. *Lord Ingestre*, 12 *Q. B.* 317. But such

endorsement, when made for an adequate consideration, not only passes the interest of the endorser, but also amounts to an undertaking, unless qualified in express terms, that if the bill or note is not paid at maturity, and the endorser has due notice of dishonor he will pay it, which in law is a contract on the part of the endorser in favor of the endorsee, and every holder to whom the bill or note is transferred. *Chitty on Bills* 241 ; *Story on Notes*, § 135 ; *Edwards on Bills* 272, 284. Whether parol evidence will be received to vary the contract which arises from such endorsement when it is made in blank, is not entirely settled. In *Johnson* v. *Martinus*, 4 *Halst.* 144, it was held by the Supreme Court that parol evidence was competent to overcome the implied contract which results from a blank endorsement, on the ground that such endorsement is an inchoate and imperfect contract, and not a written instrument, nor entitled to its effect, protection, or immunity. This decision was made on the authority of *Herrick* v. *Carman*, 10 *J. R.* 224; *Barker* v. *Prentiss*, 6 *Mass.* 430 ; and *Hill* v. *Ely*, 5 *Serg. & Rawle* 363. The first two cases do not support the principle for which they were cited. The evidence offered in each case was to establish the fact that the endorsement to the plaintiffs was without consideration. *Hill* v. *Ely* was decided by the Supreme Court of Pennsylvania—a court having equity as well as common law powers. The evidence was received with a view to reform the contract of endorsement, and give relief on the ground of fraud, and its reception was vindicated in the opinion of the court on that special ground.

The doctrine held in *Johnson* v. *Martinus* has less support in the decisions of courts than is generally supposed. The only English decision on that side of the question is a *nisi prius* case. *Pike* v. *Street*, 1 *Moody & Malkin* 226. The case in the courts of this country usually cited for the broad proposition stated, is also a *nisi prius* decision. *Susquehanna Bank* v. *Evans*, 4 *Wash. C. C.* 480. The cases cited in the text-books as making a distinction between endorsements in full and those which are in blank, and supporting the admis-

sion of parol evidence to control the latter, are, with few exceptions, cases where the evidence is admitted to show a want or failure of consideration, or the endorsements are upon nonnegotiable paper, or upon negotiable paper as first endorsements by persons not named as payees therein.

As applied to commercial paper drawn and endorsed so as to create the usual contract of endorsement, the weight of authority greatly preponderates against the admission of parol evidence of an agreement between the parties to qualify or vary the contract of endorsement, whether it be made in blank or in full. *Chitty on Bills* 144; *Hoare* v. *Graham*, 3 *Camp.* 57; *Goupy* v. *Harden*, 7 *Taunt.* 159; *Tree* v. *Hawkins*, 8 *Taunt.* 92; *Britton* v. *Webb*, 2 *B. & C.* 483; *Leadbeater* v. *Farrons*, 5 *M. & S.* 345; *Abrey* v. *Crux, Law Rep.*, 5 *C. P.* 37, 41; *Bank of the United States* v. *Dunn*, 6 *Peters* 51; *Bank of Albion* v. *Smith*, 27 *Barb.* 489; *Howe* v. *Merrill*, 5 *Cush.* 80; *Prescott Bank* v. *Caverly*, 7 *Gray* 217; *Bigelow* v. *Colton*, 13 *Gray* 309; *Clapp* v. *Rice*, *Ib.* 403; *Barry* v. *Morse*, 3 *N. H.* 132; *Crocker* v. *Getchell*, 23 *Maine* 392; *Stubbs* v. *Goodall*, 4 *Georgia* 106; *Hightower* v. *Ivy*, 2 *Porter* 308; *Tankersley* v. *Graham*, 8 *Ala.* 247; *Wilson* v. *Black*, 6 *Blackf.* 509.

The inadmissibility of parol evidence to vary the legal import of commercial paper is forcibly advocated by Professor Parsons. 2 *Parsons on Notes* 520. He maintains that its competency is limited to exceptional cases. *Ib.* 23. The exceptional cases are those in which the evidence tends to establish a defect in the consideration, or the instrument is informal, and therefore no commercial contract is created by the endorsement, *per se*. It is upon the principle of this exception that the evidence received by the court in this case was properly admitted. The defendant is not named in the note or as payee. The first endorsement of a note by a person not the payee, *per se* creates no implied or commercial contract whatever, although the party may be subjected to the liability of a second endorser, if the payee should afterwards endorse the note, and it should come to the hands of a *bona fide* holder

before maturity. *Crozier* v. *Moore, Spencer* 256. As between the parties, a liability can arise only from the facts and circumstances which occurred at the time of the transaction. Whether any contract was made, and what the character of that contract is, must be determined by the intentions of the parties as ascertained by parol evidence of the circumstances under which the endorsement was made. Parol evidence, offered for that purpose, is not objectionable on account of a tendency to vary a written contract, when no contract arises except upon such evidence.

The note, in the condition it was in when it was delivered to the plaintiff, did not show that the defendant was a party to it, or in what capacity he became a party. He might be regarded as a surety for the maker, or a second endorser, according to circumstances. In all cases of ambiguity, parol evidence may be introduced to show what the connection of the party with the instrument was intended to be. *Kean* v. *Davis*, 1 *Zab.* 683; *Rey* v. *Simpson*, 22 *How.* (*U. S.*) 342, 350; *Austin* v. *Boyd*, 24 *Pick.* 64; *Patch* v. *Washburn*, 16 *Gray* 82.

That the note, when produced at the trial, had on it the name of the plaintiff, cannot affect the question of the competency of the evidence. His name was not on the note when it was endorsed by the defendant and delivered. It was put there afterwards by the plaintiff, for his own purposes—for use at the bank where it was discounted. Whatever contract there was between the parties, originated out of the transactions at the time the note was made and delivered to the plaintiff. The plaintiff makes no title under his own endorsement. He might have subsequently endorsed the note to a third person without recourse, and thus enabled such third person to sue the defendant upon it as a second endorser, (*Watkins* v. *Kirkpatrick*, 2 *Dutcher* 84;) or sue in his own name, and at any stage of the action erase his signature from the back of the note, (*Austin* v. *Boyd*, 24 *Pick.* 64; *Patch* v. *Washburn*, 16 *Gray* 82; or add his own endorsement without recourse. *Moore* v. *Cross*, 19 *N. Y.* 227. His right of

recovery is not dependent upon the condition of the instrument at the trial, but on the contract which is established by collateral proof.

Under the second class of exceptions, two questions were raised—first, the effect of the statute of frauds; and, second, the sufficiency of the notice of dishonor.

When the party endorses upon the note a guaranty in writing, or his undertaking is subsequent to the making of the note, and therefore requires a new consideration for its support, it may be difficult to exclude the agreement from the operation of the statute of frauds. But no such difficulty will be experienced when the endorsement is in blank, and is made prior to, or contemporaneous with, the delivery of the note. If a defendant puts his name upon the back of a promissory note, as a surety or guaranty for its payment, in pursuance of an original agreement entered into before or at the time of giving the note, in consideration of which the payee agrees to accept it, the payee may write over such signature a guaranty or promise to pay, which shall be a sufficient memorandum within the statute of frauds. *Nelson* v. *Du Bois,* 13 *J. R.* 175; *Ulen* v. *Kittredge,* 7 *Mass.* 233; *Perkins* v. *Catlin,* 11 *Conn.* 213; *Crozier* v. *Chambers, Spencer* 256; *Violett* v. *Patton,* 5 *Cranch* 142.

So far as the statute of frauds is concerned, it is of no consequence whether the defendant is regarded as an endorser, guarantor, or maker. Whether his liability is that of an endorser, becomes important only as the character in which he is held bears upon the necessity of demand of the maker, and notice of dishonor. If he is regarded as an endorser, he will be entitled to exact demand and notice of dishonor, as in cases of strict endorsement. As maker or guarantee under an absolute undertaking, his liability will be fixed without either demand or notice.

In New York, a distinction has been made between the endorsement by one not the payee, of a note negotiable in form, and endorsements of notes which are not negotiable. As to the former, the contract is treated as one of endorsement; as

to the latter, the endorser is regarded as maker or guarantor, and is not entitled to notice of dishonor. *Hall* v. *Newcomb*, 7 *Hill* 416 ; *Spies* v. *Gilmore*, 1 *Comst.* 321 ; *Richards* v. *Waring*, 1 *Keyes* 576 ; *Cromwell* v. *Hewitt*, 40 *N. Y.* 491. This distinction has been repudiated elsewhere—(*Chaffer* v. *Jones*, 19 *Pick.* 260 ; *Perkins* v. *Catlin*, 11 *Conn.* 213 ; and cases cited in reporter's note to *Cromwell* v. *Hewitt*, 40 *N. Y.* 494)—and cannot be maintained on any principle where it is held, as it is in this state, that the first endorsement by a person not a party to a note, creates no implied or commercial contract whatever. In Connecticut, the contract which is *prima facie* implied from a first endorsement in blank by a third person is, that the maker shall be of ability to pay the note at maturity, and that it is collectible by the use of due diligence, but that implication may be overcome by parol proof of the actual agreement which was made at the time of the endorsement. *Perkins* v. *Catlin*, 11 *Conn.* 212. In Massachusetts such endorser is held, as between the original parties, liable as a co-maker, unless it appears from the evidence that it was understood between the parties at the delivery of the note that he should be a second endorser. *Wright* v. *Morse*, 9 *Gray* 337 ; *Essex Company* v. *Edmunds*, 11 *Gray* 273 ; *Patch* v. *Washburn*, 16 *Gray* 82. The decisions by the courts of other states are collected in 2 *Parsons on Notes* 120, and in the reporter's note to *Cromwell* v. *Hewitt*. It is unnecessary to refer to them. Except in New York, the current of authority seems to be quite uniform in favor of a liability as maker or guarantor, and not as endorser.

In the Supreme Court of the United States the endorsement of a promissory note by a person not the payee, made before delivery to the payee, with the intention on the part of the endorser to become surety for the maker for a debt due to the payee, creates the obligation of a joint maker. *Rey* v. *Simpson*, 22 *How.* 341. In the opinion of the court, Mr. Justice Clifford uses this language : " When a promissory note, made payable to a particular person or order, is first endorsed by a third person, such third person is held to be an original prom-

isor, guarantor, or endorser, according to the nature of the transaction, and the understanding of the parties at the time the transaction took place. If he put his name on the back of the note at the time it was made, as surety for the maker, and for his accommodation, to give him credit with the payee, or if he participated in the consideration for which the note was given, he must be considered as a joint maker of the note. On the other hand, if his endorsement was subsequent to the making of the note, and he put his name there at the request of the maker, pursuant to a contract with the payee for further indulgence or forbearance, he can only be held as a guarantor. But if the note was intended for discount, and he put his name on the back of it, with the understanding of all the parties that his endorsement would be inoperative until it was endorsed by the payee, he would then be liable only as a second endorser, in the commercial sense, and, as such, would clearly be entitled to the privileges which belong to such endorsers." In that case the action was upon a note made by Rey, payable to the order of Simpson, for a debt due to him from Rey, which was endorsed by the other defendants intending to become sureties for Rey. The suit was by the payee against the maker and endorsers, and it was held that the endorsers were jointly liable with the maker as original promisors, the same as if they had signed their names under the name of the maker on the face of the note. The decisions in this state are to the same effect. In *Ackerman* v. *Westervelt*, cited in 2 *Dutcher* 92, note, it was held by the Supreme Court, that the payee of a promissory note payable to himself or order, might recover of a third person whose name was endorsed upon the note, and one of the makers of the note, it being proved that the name was endorsed upon it at the time of the loan for which the note was given, as security for its re-payment, and that the money was loaned upon the faith of such security. A similar decision was made in *McDonald & Schenk* v. *How*, decided at November Term, 1867, (not reported,) upon the same state of facts. The action was against

McDonald, the surety, and Schenck, the maker, jointly, and they were held liable as joint promisors.

*Ackerman* v. *Westervelt* was decided in 1847. For nearly a quarter of a century it has been regarded as the law of the state. The decision is in harmony with the decisions of the Supreme Court of the United States, and of the courts of most of the sister states. The principle upon which it was decided is necessary to give effect to the intentions of the parties.

The place where the name is written is not essential. If the payee of a note writes his name on any part of the note, with the intention of endorsing it, it is a sufficient endorsement. Though his name appears on the face of the note, under that of the maker, it will be held to be an endorsement, if necessary to give effect to the intention of the parties. *Haines* v. *Du Bois*, 1 *Vroom* 259 ; *Young* v. *Gloier*, 3 *Jurist, N. S.* 637. For the same reason the signature of a ·third person, not the payee, as the first endorsement on the back of a note as surety, will be treated as a signature to the note as one of its makers.

A contract of endorsement is a commercial contract, the incidents of which sometimes operate inequitably. If a person who pledges his responsibility to enable another to obtain a credit, wishes to avail himself of a means of discharge which is peculiar to commercial paper, he must see to it that he becomes a party to the security in such a manner as will entitle him to the benefit of the privileges and immunities of commercial contracts. A party who unqualifiedly engages to be security for another, has no equity to ask that his contract shall be qualified by annexing the incidents of a strict endorsement, instead of being construed as absolute as his promise upon the faith of which the credit was given.

The case now before the court is in principle precisely within the decisions of the cases just referred to. In all respects the facts are the same, except that the debt was due from Woodward before the note was given. That circumstance can make no difference. The plaintiff refused to take Woodward's note, and extend the time of the payment of the

debt, unless he had security.    Forbearance is a sufficient consideration to support a contract.    In *Ulen* v. *Kittredge, Patch* v. *Washburn, Watkins* v. *Kirkpatrick,* the consideration was forbearance, extending the credit on a precedent debt of the principal debtor.

The defendant was liable on the note as maker.    His obligation was that of a joint and several maker.    *Story on Notes,* §§ 466, 467, 468.    As such, he was not entitled to notice of protest.

The judgment is affirmed.

*For    affirmance*—The CHANCELLOR, CHIEF JUSTICE, BEDLE, DEPUE, SCUDDER, VAN SYCKEL, WOODHULL, CLEMENT, KENNEDY, OGDEN, OLDEN, LATHROP.

*For reversal*—None.