[No. 1732.   Decided July 10, 1895.]

BEAUREGARD BRYAN, *Appellant,* v. H. H. DUFF, *Respondent.*

#### PAROL EVIDENCE TO VARY NEGOTIABLE INSTRUMENT.

Parol testimony is inadmissible for the purpose of showing an agreement between the drawer and payee of a bill of exchange whereby the payee was not to hold the drawer responsible for any default in its payment on the part of the drawee, except for the purposes of showing want of consideration or fraud in procuring the execution of the instrument.

(DUNBAR, J., dissents).

*Appeal from Superior Court, Cowlitz County.*

*Reynold & Stewart,* for appellant.

*N. H. Bloomfield,* and *J. N. Pearcy,* for respondent:

Where an oral promise or agreement has been given as an inducement to sign a writing, parol evidence is admitted for the purpose of preventing fraud. *Shughart v. Moore,* 78 Pa. St. 469; *Graver v. Scott,* 80 Pa. St. 88; *Graffam v. Pierce,* 143 Mass. 386 (9 N. E. 820);

234    BRYAN v. DUFF.

*Powelton Coal Co. v. McShain,* 75 Pa. St. 245; *Proctor v. Wiley,* 55 Vt. 344; *Bonney v. Morrill,* 57 Me. 368; *Juniata Bldg. Ass'n. v. Hetzel,* 103 Pa. St. 507; *Cullmans v. Lindsay,* 114 Pa. St. 170 (6 Atl. 333). Where there have been collateral oral agreements and the parties have not by their written contract appeared to intend to reduce their entire negotiation to written form parol evidence is admissible. *Gordon v. Parke & Lacy Mach. Co.,* 10 Wash. 18; *Pierce v. Woodward,* 6 Pick. 206; *Chapin v. Dobson,* 78 N. Y. 75; *Willis v. Hulbert,* 117 Mass. 151; *Greedy v. McGee,* 8 N. W. 651; *Juilliard v. Chaffee,* 92 N. Y. 529; *Eighmie v. Taylor,* 98 N. Y. 297.

The opinion of the court was delivered by

HOYT, C. J.—Respondent was indebted to one H. C. Taylor, and the Ainslie Lumber Company was indebted to him. In payment of his indebtedness to Taylor he drew an order, payable ninety days after date, on the said lumber company, which was accepted by it. Before it became due the lumber company became insolvent and the draft was not paid. This action was brought by the plaintiff as assignee of the said Taylor, the payee of the draft, to recover of the defendant as the drawer thereof.

It appears from the record that due notice of the dishonor of the draft was given to the drawer and his liability thereon established, and it is clear that plaintiff was entitled to judgment if it was not competent for respondent to show by oral testimony that, at the time the draft was drawn, it was agreed as between the drawer and payee that the payee would not hold the drawer responsible for any default on the part of the drawee in the payment of the draft. Parol evidence to that effect was admitted over the objection of

plaintiff, and the rightfulness of the action of the court in admitting it is substantially the only question presented on this appeal.

Respondent makes a further contention that the circumstances surrounding the transaction were sufficient to show that a new contract by way of novation had been entered into, but, in our opinion, there was no proof which would warrant any such contention, if the evidence as to the agreement of the payee not to hold the drawer responsible was stricken from the record. That the general rule is that parol evidence cannot be admitted to change or contradict the terms of a written agreement is so well established that it is not necessary that we should say anything in support thereof, and respondent makes no contention against such rule, but contends that the evidence was properly admitted for two reasons: (1) that it did not tend to change or contradict any written agreement; and (2) that if it did, the circumstances surrounding the transaction brought it within one of the exceptions to such general rule.

The first contention is founded upon the claim that the liability of the drawer grows out of a legal conclusion, which conclusion is not in writing, and that for that reason to vary or contradict such conclusion is not to vary or contradict a written instrument. In our opinion the liability of the drawer of a bill of exchange or the indorser of a note has become so well established under the rules of the law merchant and are so well understood, that the person who assumes such liability must be held to have understood the effect thereof, and by his signature to have bound himself in the same manner as he would have done had the conditions been at the time of such signature fully written out and signed by him.

A few cases have been cited by respondent for the purpose of establishing his contention, but a careful examination thereof has led us to believe that, with a single exception, they are not strictly in point. One of them does fully sustain the rule contended for.

This case is entitled to consideration by reason of the learning and ability of the distinguished judge who made the decision, but even his distinguished ability cannot give to the case the weight which would attach to a like decision by a court of last resort. The ruling was made during the progress of a trial as a part of the instructions to the jury, and for that reason probably not so fully considered as it would have been in a court of last resort. See *Susquehanna Bridge & Bank Co. v. Evans,* 4 Wash. C. C. 480.

The other claim is that the testimony was admissible to prevent fraud upon the drawer; and numerous cases have been cited to show that it was admissible for that purpose. Many of these cases undoubtedly hold that parol evidence is admissible to show that the contract growing out of the drawing of a bill of exchange or the indorsement of a promissory note was fraudulent, but in so doing they only announce a well-recognized doctrine that any contract, whether in writing or in parol, can be defeated by showing that its execution was induced by fraud or that it was without consideration; and in our opinion none of the cases cited go further than to sustain this well recognized exception to the general rule as to the admissibility of parol testimony to affect a written instrument.

The rule that the contract which is implied on the part of such drawer or indorser must have the same effect as though it had been reduced to writing and placed above the signature, is not only the reasonable one, but is supported by the great weight of authority,

and a like weight of authority has established the rule that parol testimony cannot be introduced for the purpose of showing any agreement on the part of the payee or endorsee tending to affect such implied contract. The supreme court of Maine has several times passed upon this question and has decided that such testimony cannot be admitted in favor of a drawer or endorser to relieve him of the liability implied by his signature, and has further decided that such contract will not support a recovery in an independent action br ought thereon. See *Hancock v. Fairfield,* 30 Me. 299; *Evans v. Smith,* 34 Me. 33.

In *Barry v. Morse,* 3 N. H. 132, substantially the same question was passed upon and the rightfulness of the exclusion of the parol testimony sustained. The supreme court of Illinois has given this question attention in a large number of cases. In a few of the earlier ones there are some expressions tending to support the contention of respondent, but the latter cases so emphatically contradict such contention without making any statement of an intention to overrule the earlier ones, that all of the cases construed together must be held to establish the doctrine laid down in the latter ones. That these fully sustain the contention of appellant that such testimony is inadmissible will sufficienty appear from an examination of two cases, *Beattie v. Browne,* 64 Ill. 360, and *Kirkham v. Boston,* 67 Ill. 599.

The supreme court of Indiana, in the case of *Campbell v. Robbins,* 29 Ind. 271, passed upon this question, and the language used well sustains the headnote made by the reporter, which is in the following language:

"The legal effect of an assignment in blank of a promissory note cannot be varied by evidence of a parol, contemporaneous agreement that the note should be taken without recourse on the assignor."

Mr. Parsons, in his work on Notes and Bills, vol. 2, at page 501, states his views on this question in the following language:

" If the defendant endeavors to prove an oral bargain between himself and the plaintiff, which differs in its terms from the written note, it will then be remembered that it is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, to add to, or subtract from, the absolute terms of the written contract."

By statements in connection therewith he shows that in the term "written contract" is included the contract implied by law on the part of the indorser or drawer, as well as those actually written out and signed. If the testimony introduced on the part of the respondent had tended to show that the making of the bill of exchange had been induced by fraud, or that there had been no consideration therefor, it would have been admissible, and, if sufficient, would have justified the conclusion reached by the trial court. But, in our opinion, it had no such tendency. It was conceded that it was drawn for a sufficient consideration, and there was not even a suggestion that there was any fraud on the part of the payee.

The rule as to written contracts not being subject to change by contemporaneous oral agreements is of such importance that it should not be departed from unless such departure is brought within well-settled exceptions to the rule. The right of parties to put their final conclusions into writing, and thereby avoid any question of veracity as to what such conclusions were is of the greatest public and private convenience.

The circumstances surrounding the case at bar did not warrant a departure from the rule, and, for the

reason that it was departed from by the trial court, the judgment must be reversed and the cause remanded, with instructions to enter judgment in favor of plaintiff in accordance with the prayer of his complaint.

SCOTT and ANDERS, JJ., concur.

GORDON, J., concurs in the result.

DUNBAR, J., (*dissenting*).—I am unable to agree with the majority opinion in this case. Of course, there is no disputing the general rule that parol evidence cannot be introduced to alter or explain written agreements; but it does not seem to me that the reasons which forbid the admission of parol evidence to alter or vary the terms of a written agreement apply to contracts where the obligation is implied. If a man makes an agreement and reduces the terms of the agreement to writing and solemnly signs it, for reasons which have been often stated, he ought to be held to a strict compliance with its terms; he knows just what he has agreed to do, and just what his obligations are, for they are of his own making. But it is altogether different when he is held to do something by a refined implication of law of which the ordinary citizen has no knowledge.

In this case the terms of the written agreement are not sought to be avoided, explained away or disputed. The defendant gave an order to the plaintiff on the Ainslie Lumber Company. He is not disputing this fact. He gave the order for a certain amount of money. The amount is not disputed. In fact, there is nothing in the written instrument itself which is disputed. The contention, and the reasonable contention, of the respondent is that it was only that part of the agreement, viz., the agreement that the Ainslie

Lumber Company should pay to the appellant so much money, that was put in writing; and that the other portion of the agreement, which is entirely disconnected from the main agreement, viz., that the appellants should have no recourse on the respondent in case of the failure of the Ainslie Lumber Company to pay the bill of exchange was not undertaken to be put in writing at all, but that it was a separate and distinct agreement between the parties.

Nearly all of the cases cited by the appellant, and nearly all of the cases which have been decided on this proposition, are cases where the terms of the written instrument itself are sought to be avoided or explained away by parol testimony; as, for instance, that a different amount was agreed upon; that the maker of the note signed in an individual capacity when the agreement was that he should sign in an official capacity, and cases of that kind where the terms of the instrument itself would be overthrown if parol testimony were admitted. But here it is only by an implication or by operation of law that the drawer of the bill of exchange is responsible, and not by reason of the contract which was made between the drawer and the purchaser of the bill; and it seems to me that if these technical implications are to exclude the real contracts between the parties, the rule will become a pit-fall for the feet of the unwary and the unlearned in technical law.

. If the evidence admitted in this case is true (and it was found by the court to be true), a positive agreement was made between the appellant and respondent that this bill of exchange should be received by the appellant in full satisfaction, settlement, payment and cancellation of the respondent's note and mortgage. The bill of exchange was accepted by the Ainslie

Lumber Company before it was received by the appellant, and if such was the contract that was really made,—it in no way controverting the terms of the written contract,—the appellant ought to be bound by such oral agreement, and the judgment ought therefore to be affirmed.