[No. 13107.   Department Two.   June 1, 1916.]

## HOLT MANUFACTURING COMPANY, *Appellant*, v. FRANK BROTHERTON *et al.*, *Respondents*.[1]

EVIDENCE—ORAL EVIDENCE—TO VARY WRITING—INDORSEMENT ON NOTE.   Oral evidence is inadmissible to vary the legal effect of an indorsement on a note by showing an agreement between indorser and indorsee that it was to be indorsed without recourse.

PAYMENT—EVIDENCE—NOTE IN LIEU OF CASH.   Upon the sale of a combined harvester and the execution of a chattel mortgage to secure notes for the price, it is consistent to accept a note "in lieu" of cash for the first installment which was to be paid by delivery of the note, and to describe it in, and secure it by, the mortgage; since taking the note in lieu of cash does not extinguish the debt.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING — CHATTEL MORT-GAGES—DEBT SECURED.   In the absence of fraud or mistake, a chattel mortgage stating that it was given to secure a note described therein cannot be modified by a previous or contemporaneous oral agreement to the effect that such note was taken in lieu of cash and was not to be secured by the mortgage.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered January 30, 1915, dismissing an action to foreclose a chattel mortgage, tried to the court. Reversed.

*Hamblen & Gilbert*, for appellant.

*Sharpstein, Pedigo, Smith & Sharpstein*, for respondents.

MAIN, J.—The purpose of this action was to foreclose a chattel mortgage.   The trial of the case resulted in a judgment of dismissal.   From this judgment, the plaintiff appeals.

[1]Reported in 157 Pac. 849.

The facts are these: During the year 1912, one Frank Brotherton was the tenant upon a farm or ranch in Walla Walla county, owned by the Stine-Paxton Corporation. On April 29 of this year, Brotherton, in writing, contracted with the Holt Manufacturing Company, a corporation, for the purchase of a combined harvester, the purchase price of which was $3,450. Some time thereafter the harvester was shipped to Brotherton, and received and accepted by him.

On the 6th day of July, 1912, Brotherton gave a chattel mortgage to the Holt Manufacturing Company for the purpose of securing certain notes described therein, which represented the balance of the purchase price. In this mortgage, five notes are described. With the exception of one, all were executed by Brotherton and the Stine-Paxton Corporation. The mortgage recites that it is given to secure the amount specified therein, "according to the conditions of five promissory notes made by the mortgagor to the mortgagee of even date herewith, and payable: No. 1 for $500, due October 1, 1912 . . . The mortgagor agrees that if default be made in the payment of any one of the notes above described, or of any interest thereon, the mortgagee may at its option declare all of said notes immediately due and payable, and this mortgage may be foreclosed."

Thereafter the notes executed by the Stine-Paxton Corporation were paid as they respectively became due. The note for which this action was brought is that described in the mortgage, an excerpt from which is above quoted as for $500, due October 1, 1912. This note was payable on demand, and had been executed by one E. E. LaHue in favor of Brotherton. Brotherton indorsed the note to the Holt Manufacturing Company. The indorsement does not provide that it is made without recourse. This note, though payable on demand, was described in the mortgage as due October 1, 1912, because Brotherton had an understanding with LaHue that the latter would not be called upon to pay the note until approximately that time. There is no question that this note

is the one described in the mortgage as the $500 note due October 1, 1912. And this fact is practically conceded.

It is claimed that this note was taken as cash, and that it was intended to be indorsed by Brotherton without recourse. The defendants offered evidence to the effect that the understanding between the parties was, when Brotherton indorsed and delivered the note to the Holt Manufacturing Company, that it should be without recourse. This evidence was admitted over objection. The effect of such evidence was to vary the legal effect of the indorsement upon the note. For this purpose the evidence was inadmissible. Oral testimony is not admissible for the purpose of showing an agreement between the indorser and an indorsee of a promissory note that the note was to pass without recourse. *Bryan v. Duff*, 12 Wash. 233, 40 Pac. 936, 50 Am. St. 889.

The respondents claim that, at the time the harvester was purchased, it was the understanding of the parties that the $500 note was to be received as that much cash. The memorandum contract of purchase contained the recital: "Cash $500 by note due Oct. 1, 1912." The representative of the Holt Manufacturing Company who made the sale testified that the note was received "in lieu of cash." Brotherton testified that it was taken "in lieu of so much cash." The respondents concede that the transfer of this note to the appellant would not operate as a payment in the absence of an agreement to that effect; but they claim that the evidence shows that such was the agreement.

"In lieu of" is equivalent to the expression "instead of," as the word "lieu" is defined in Webster's International Dictionary. It was the custom of the Holt Manufacturing Company, when making a sale of machinery, to require a cash payment. Taking the note instead of cash would not necessarily mean that to that extent the note extinguished the debt of Brotherton. It would be perfectly consistent to accept the note in lieu of cash and give a mortgage to secure the same, together with the other notes. According to the

recital in the memorandum agreement of purchase, the cash payment was to be made by the delivery of the note there specified, which is the note here in controversy. In the mort-.gage this note is described as one of those secured thereby. Brotherton admits that, at the time he executed the mortgage, he knew the character of the instrument. There is no evidence from which it can be concluded that the describing of this particular note in the mortgage was due to a mutual mistake. Neither is there any evidence to show that including this note in the mortgage was due to any fraud or overreaching.

It is a well known rule that, in the absence of fraud or mutual mistake, a contract in writing cannot be varied or modified by a previous or contemporaneous oral agreement. The only relief sought in this action was a judgment of foreclosure. No personal judgment was requested.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment of foreclosure.

MORRIS, C. J., HOLCOMB, BAUSMAN, and PARKER, JJ., concur.