FRANCIS H. WEEKS and Another, as Executors, etc., of ELIZABETH
S. MAITLAND, Deceased, Respondents, *v.* FREDERIC B. ESLER,
Appellant.

*Promissory note made by a corporation — seal affixed — proof essential to change
a negotiable instrument to a specialty.*

Before an instrument in the form of a promissory note, made by a corporation,
with what purports to be the seal of the corporation impressed thereon, but
containing no words indicating an intention to execute it as an instrument under
seal, can be held to be a specialty and not a negotiable promissory note, it
must be shown that the seal is the seal of the corporation and was affixed by
its authority, and that it was the intention of the parties to the instrument that
it should be an instrument under seal and not negotiable.

APPEAL by the defendant, Frederic B. Esler, from a judgment
of the Supreme Court, entered in the office of the clerk of the city
and county of New York on the 18th day of January, 1893, upon a
verdict in favor of the plaintiffs rendered by direction of the court
at the New York Circuit, and from an order entered on the 17th
day of February, 1893, denying the defendant's motion for a new
trial made upon the minutes.

The action was brought to recover the amount of two promissory
notes indorsed by the defendant. The notes were substantially the
same except as to date of payment, and were otherwise in the fol-
lowing form:

" $4,000.                              *November Twenty-first,* 1890.

" Thirty days after date The Electric Power Company promise to
pay to the order of Frederic B. Esler four thousand $\frac{00}{100}$ dollars at
1229 Leiper street, Philadelphia, Pennsylvania, without defalcation,
value received."

|  |
| --- |
| The Electric Power Company, Incorporated SEAL. 1889. |

                              FREDERIC B. ESLER.
                                                *President.*
                              F. A. LEE,
                                    *Treasurer."*

*William H. Rand, Jr.,* for the appellant.

*George Holmes,* for the respondents.

INGRAHAM, J.:

The single question presented in this case is, whether or not the two instruments sued on were promissory notes, or, in consequence of the impression upon the paper of what appears to be the seal of the corporation making the notes, became specialties, and thus lost their negotiable character?

The instruments are set forth in full in the complaint and are substantially the same, except that one is payable thirty days after date and the other sixty days after date. Each is in the form of a promissory note, whereby the Electric Power Company promised to pay to the order of the defendant $4,000, and is signed by Frederic B. Esler, president, and F. A. Lee, treasurer. At the lower left-hand corner of each of these instruments there was impressed upon the paper the following words: "The Electric Power Company, Incorporated, Seal, 1889." There is no recital in the instrument that the seal of the company is affixed, nor is there any evidence to show that what was thus impressed upon them was in fact such seal, that the instruments were intended to be under seal, that they were in fact sealed with the seal of the company, or that said seal was impressed on them by its officers, or anyone else with authority of the corporation. There was absolutely no evidence, either from the instruments themselves, or from witnesses produced on the trial, to show that the seal of the company was ever impressed upon the instruments by authority of the company, or that it ever was the intention of the corporation to make the instruments, or either of them, a sealed instrument.

Without some evidence of the fact of sealing, or that it was the seal of the company that was impressed upon the instruments, we think the court would not have been justified in holding as a matter of law that the instruments were under seal. To justify the execution of a contract by a corporation, it must appear that the corporation has authorized the person assuming to act for it in the execution of the instrument to execute it in the manner and form in which it was executed. In this case it is not shown that either the president or treasurer had any authority to use the seal of this corporation in the execution of those instruments, nor that as a fact the seal of the company was so used. In the case of an individual who executes an instrument with a seal upon it at the time of its

execution, it is assumed that he adopts the seal then upon it as his own, and this is especially true where the instrument ends with the words, " Witness my hand and seal." But in the case of a corporation, where its seal can only be used with the authority of the corporation, and especially in the absence of any words in the contract indicating an intention to execute the contract as an instrument under seal, before the instrument can be held to be a specialty there must be evidence to show that the seal affixed was the seal of the corporation and was affixed with its authority.

In all the cases cited by appellant in which the instrument was held to be a sealed instrument, either the instrument itself recited that the parties had thereunto set their hands and seals, or words of similar import, or the fact was proved that such seal was affixed by authority of the corporation executing the paper, or was in fact its seal. Thus in the case of *Coe* v. *Cayuga Lake R. Co.* (8 Fed. Rep. 537), BLATCHFORD, J., in delivering the opinion of the court says : " The instruments, aside from the seal of the company, have all the qualities of promissory notes, and of promissory notes made by the company as a corporation. They are in the name of the company, it promises to pay, and it signs them by its president. But they were sealed with the seal of the company, and it was a corporation ; and said seal was duly impressed on them by its president and treasurer, by its authority, at the time the notes were signed by it. From what appears in the bill of exceptions, it may properly be inferred that the seal referred to was the corporate seal of the corporation, and that the words, ' Seal of the Cayuga Lake Railroad Company,' appear impressed on the face of each instrument as the impression of the seal referred to, though these facts are not thus distinctly stated in the bill of exceptions."

It will thus be seen that, in the case last cited, the evidence that is lacking in this case was before the court, *i. e.*, that the seal of the corporation was affixed to the instrument in question by its authority.

In the case of *Mercer County* v. *Hacket* (1 Wall. 83), the Supreme Court of the United States expressly held that the addition of a seal to corporation bonds, payable to bearer, does not change their character as negotiable instruments ; and this rule, we think, should be followed, unless it clearly appears, either from the instrument itself, or from evidence upon the trial, that it was the

intention of the parties to the instrument that it should be an instrument under seal and not negotiable.

We think, therefore, the court was justified in holding that these were not sealed instruments.

There was no request to submit the question as to whether or not the corporation had as a fact affixed· its seal to these instruments. Each side moved for a direction of a verdict, and the parties, therefore, agreed to submit any disputed question of fact to the decision of the judge, and we agree with the court below in its determination that the instruments in question were not under seal, and that the plaintiffs were entitled to a verdict.

It follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.