THE CHASE NATIONAL BANK of the City of New York, Respondent,
*v.* BENJAMIN C. FAUROT, Appellant.

*Promissory note — when not a specialty although bearing the seal of a corporation — shaving a note not usury.*

In an action brought by a national bank to recover the amount due upon a promissory note, it appeared that the defendant Faurot received a note to his order, signed "New York Construction Co." "By F. P. Graf, Secy." and bearing stamped on it "New York Construction Company, seal," and indorsed and delivered it to his attorney to be used in carrying out an agreement with one Simon. The latter obtained possession of the note before he had complied with the agreement, and diverted it by delivering it to his banker, who through a note broker sold it to the plaintiff for less than its face.

The defendant claimed that the sale was usurious, the note diverted and that it was not a negotiable instrument, being under seal.

*Held,* that the sale of the note was not usurious, and that, if it had been, usury could not be urged against the plaintiff, a national bank;

That the presence of what purported to be the seal of the corporation on the note did not change it from a negotiable instrument to a specialty,, in the absence of proof that it was the seal of the company and was affixed by authority and with the intention of making the instrument a specialty and not negotiable.

APPEAL by the defendant, B. C. Faurot, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 28th day of June, 1892, upon the verdict of a jury rendered at the New York Circuit, and also from an order or interlocutory judgment of the Supreme Court, entered in said clerk's office on the 1st day of July, 1892, denying defendant's motion to set aside the verdict and for a new trial.

*Lawrence E. Sexton,* for the appellant.

*Philip G. Bartlett,* for the respondent.

O'BRIEN, J. :

This action was brought against defendant as indorser of a promissory note, the face of which was as follows :

" 16,787.02. LIMA, OHIO, *July 8th,* 1890.

" Four months after date we promise to pay to the order of B. C. Faurot, sixteen thousand seven hundred eighty-seven and $\frac{2}{100}$ dollars, at Lima Nat'l Bank, Lima, Ohio.

" Value received.

" NEW YORK CONSTRUCTION CO.
" [Seal of the company.]            By F. P. GRAF, *Secy.*"

The defendant indorsed this note, and it was given to his attorney for the purpose of carrying out an agreement entered into between the defendant and one Simon, in connection with certain negotiations relating to the construction of a railroad for which Simon agreed to procure the capitalists. The unquestioned arrangement between the defendant and Simon was, that until such time as Simon had procured the execution of a proper agreement by the capitalists, whose names were given, to construct the road, the note in suit was not to be delivered to him. Simon, however,, succeeded in obtaining

possession of the note without procuring the execution of the agreement as he had promised, and subsequently delivered it to the president of his own bank, who, through note brokers, sold it to the plaintiff for value. The amount paid by the brokers was $16,000; and upon the purchase of the note from the brokers the plaintiff paid $16,500.

These figures are referred to because upon them was predicated one of the defenses, that of usury, which may at the outset be disposed of by the statement that it is not available to defendant, for two reasons, the first being that the plaintiff is a national bank, against whom the plea of usury could not be urged; and, secondly, it was not usury to purchase the note for less than its face in the manner in which the plaintiff purchased it, nor could such purchase in any way be tortured into an agreement by which the plaintiff exacted a greater sum than the legal interest for the loan of $16,000.

It appearing that the note had been diverted, the question of the good faith of the plaintiff, and as to whether or not it had paid value for the note, were under proper instructions submitted to the jury, who having found in favor of the plaintiff, their verdict should be sustained unless there are some valid legal grounds for disturbing it.

The principal ground relied upon by appellant is, that the presence upon the note of the words "New York Construction Company, seal," stamped or impressed upon the paper, detracts from its character as a negotiable promissory note. The question thus presented, therefore, is whether the instrument sued on was a negotiable promissory note, or, as the result of the impression upon the paper of what appears to be the seal of the corporation, it became a specialty and thus lost its negotiable character.

We can see no distinction, upon the facts here appearing, between this case and the one recently decided by this General Term, of *Weeks* v. *Esler* (68 Hun, 518), wherein it was held that "before an instrument in the form of a promissory note made by a corporation, with what purports to be the seal of the corporation impressed thereon, but containing no words indicating an intention to execute it as an instrument under seal, can be held to be a specialty and not a negotiable promissory note, it must be shown that the seal is the seal of the corporation and was affixed by its authority, and that it

was the intention of the parties to the instrument that it should be an instrument under seal and not negotiable."

The appellant concedes that if the rule thus laid down in *Weeks* v. *Esler* is sound in law, it is difficult to distinguish it from the present case, so far as the question of indorsement is concerned, and would result in an affirmance of the view taken by the court below as to the negotiability of the note. Because pressed upon us with considerable force and ability, we have examined the question anew, and are satisfied with the correctness of the ruling in the case cited, which conclusion practically disposes of the contentions raised upon this appeal and obviates the necessity of our examining the many other suggestions made of what, if a different rule were to prevail, might be the law controlling the rights of the parties.

We think that the judgment was right and should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.