NEW YORK SECURITY AND TRUST COMPANY, Respondent, *v.* WALTON STORM, Appellant, Impleaded with THE MANHATTAN ATHLETIC CLUB and Others, Defendants.

*Promissory note defined — indorsement of a non-negotiable promissory note — complaint in an action thereon, sufficient to charge the indorser with liability — effect of a seal — effect of a pledge of collateral.*

A promissory note is a written engagement by one person to pay absolutely and unconditionally to another person therein named, or to his order, or to the bearer, a certain sum of money at a specified time, or on demand, or at sight.

The payee or holder of a non-negotiable promissory note may charge a person who puts his name on the back thereof as either maker or guarantor according to the actual intention of the person indorsing the same.

No contract of indorsement in a legal sense can be presumed from the position of a person's name upon the back of a non-negotiable promissory note, but, as he must have intended to bind himself in some capacity, his contract will be construed to be that of either co-maker or guarantor of the maker.

The complaint in an action upon a written instrument alleged that the defendant corporation, for value received, at a certain date, duly executed and delivered to the plaintiff a promissory note, of which the following is a copy:

"$25,000. NEW YORK, *July 25th,* 1892.

"Six months after date, without grace, we promise to pay to the New York Security & Trust Co. at the office of said company in the city of New York, twenty-five thousand dollars, for value received," etc., etc. (Then follow the ordinary clauses in a collateral note.)

"THE MANHATTAN ATHLETIC CLUB,

"[SEAL.] By GEO. W. CARR,

"*President.*"

That prior to the delivery of the note the defendant Storm and others, for a valuable consideration and for the purpose of inducing the plaintiff to make said advance and to accept the said note, placed their names upon, and delivered to the plaintiff, said note so indorsed, in order to secure payment thereof to the plaintiff, and for the purpose of becoming liable to the plaintiff for such payment, and said defendants thereby became liable to the plaintiff for the payment thereof. That the plaintiff relied upon the obligations of the defendants, and was thereby induced to and did, therefore, make the said advance and accept said note.

That thereafter the note was delivered to the plaintiff, which has ever since been the legal holder and owner thereof for value.

*Held,* that the instrument was a non-negotiable promissory note;

That the mere fact that the word "seal" was written in the complaint opposite the name of the corporation signing the note was not sufficient to change its

character as a promissory note, when the clauses therein pledging collateral repeatedly described the instrument as a note;

That the fact that the instrument contained clauses pledging collateral to secure its payment was not inconsistent with its character as a promissory note;

That the allegations of the complaint were sufficient to charge the persons indorsing the note with liability thereunder.

*Cawley* v. *Costello* (15 Hun, 303), distinguished.

APPEAL by the defendant, Walton Storm, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of March, 1894, upon the decision of the court, rendered at the New York Special Term, overruling the demurrers of certain of the defendants to the complaint, and also from the decision and order of the New York Special Term, entered in said clerk's office on the 5th day of March, 1894, overruling the demurrers to the complaint and directing judgment.

*Samuel R. Taylor*, for the appellant.

*Howard A. Taylor*, for the respondent.

PARKER, J. :

The complaint to which the defendant Storm had demurred upon the grounds which will be later considered, alleges in substance that the defendant corporation, for value received, at a certain date, duly executed and delivered to the plaintiff a promissory note, of which a copy, with the names and indorsements on the back, is as follows :

"$25,000. NEW YORK, *July 25th*, 1892.

"Six months after date, without grace, we promise to pay to the New York Security & Trust Co., at the office of said company in the city of New York, twenty-five thousand dollars, for value received," etc., etc. (here follow the ordinary clauses in a collateral note).

"THE MANHATTAN ATHLETIC CLUB,
"[SEAL.] By GEO. W. CARR,
"*President.*"

That prior to the delivery of the note the defendant Storm and ten other individuals, "for valuable consideration, and for the purpose of inducing plaintiff to make said advance and accept said note, placed their names upon and delivered to plaintiff said note so

indorsed in order to secure payment thereof to the plaintiff, and for the purpose of becoming liable to the plaintiff for such payment, and said defendants thereby became liable to the plaintiff for the payment thereof. That plaintiff relied upon the obligations of the defendants and was thereby induced to, and, therefore, did make said advance and accept said note." That thereafter the note was delivered to the plaintiff, which has ever since been the legal holder and owner thereof for value.

It is evident the instrument is not a negotiable promissory note. That it is a non-negotiable promissory note seems equally clear.

Daniel in his work on Negotiable Instruments (Vol. 1, § 28) defines a promissory note as " an open promise in writing ·by one person to pay another person therein named, or to his order, or to bearer, a specified sum of money absolutely and at all events."

In *Hall* v. *Farmer* (5 Den. 484) a promissory note is stated to be "A written engagement by one person to pay absolutely and unconditionally to another person therein named, or to his order, or to the bearer, ·a certain sum of money at a specified time, or on demand, or at sight."

The appellant, however, insists that while this writing may contain all of the essentials of a promissory note, it also includes certain other elements which effectually deprive it of that character.

*First.* Because upon the face of the instrument there is a seal.

The copy of the note set up in the complaint contains the word seal, but there is no other reference to it in the pleadings either to show whose seal it was, or by whose authority affixed, nor does the note itself contain any reference to the seal.

It may be further said that the note contains affirmative evidence that the parties to it did not intend to take away from it the character of a promissory note, because in the clauses, which we have refrained from quoting because of their length, and which are of the same general character as those usually found in collateral notes, the instrument repeatedly describes itself as a note. Under these circumstances it cannot be said that the mere appearance of the seal operates to deprive it of its character as a promissory note. (*Weeks* v. *Esler*, 68 Hun, 518; *Chase Nat. Bank* v. *Faurot*, 72 id. 373.)

*Second.* It contains a provision pledging collateral, and for the substitution of other collateral under certain conditions. These

clauses are usually found in notes secured by collateral, and do not change the character of the instrument. (See cases cited in 1 Daniel Neg. Inst. § 28.)

One of the grounds of demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the defendant Storm. As to notes not negotiable in form, it has been regarded since the decision in *Richards* v. *Warring* (1 Keyes, 576) and *Cromwell* v. *Hewitt* (40 N. Y. 491) as authoritatively settled in this State that the payee or holder may charge the party who puts his name on the back of the note as either maker or guarantor, according to the actual intention. These cases substantially proceed upon the principle that as to notes not negotiable no contract of indorsement in a legal sense can be presumed from the position of a person's name upon the back of the notes, and as he must have intended to bind himself in some capacity the court will construe his contract to be that of either co-maker or guarantor of the maker.

The effect of these decisions, it will be observed, is to hold him who writes his name upon the back of a non-negotiable note, to a greater, or at least different, liability than were he an indorser on a note negotiable in form. For in the latter case he only agrees that he will pay the note to the holder on receiving due notice that the maker, upon a demand made at the proper time and place, has neglected to pay it — while in the first case he is treated as co-maker with, or guarantor of, the maker, and not entitled to notice of demand and non-payment by the maker in order to charge him with liability.

These decisions have been subjected to some criticism in other jurisdictions, but not in this State, at least by the court of last resort, and they are, of course, controlling.

In the *Richards* case a recovery was sustained against George O. Warring, who wrote his name upon the back of a note, which read as follows:

" One year after date we promise to pay Platt Richards eight hundred dollars, with interest.

" Value received.

" AMSTERDAM, *April 1st*, 1857.

                      " JAMES E. WARRING.

                      " JAMES B. CHAPMAN."

The referee found that: "On the 6th of April, 1857, James E. Warring and James B. Chapman made the note in suit, and on the same day, before delivering the same to the payee, James E. Warring took the note to George O. Warring to obtain his signature thereto, and thereupon George O. Warring wrote his name across the back of the same; and that afterwards, on the same day, the note so signed was delivered by Warring & Chapman to Platt Richards, the payee, and he thereupon advanced to Warring & Chapman the amount of the note on the credit thereof."

Upon these facts the referee held that George O. Warring signed the note with the intent to become liable to pay the same to the payee, and that the plaintiff was entitled to recover against all the defendants the amount due on the note, and ordered judgment accordingly. In affirming the judgment, Judge Hogeboom, who delivered one of the opinions of the court of last resort, after discussing the relation between Warring and the other parties to the paper, which his signature entailed upon him, said: "What precise name such a relation entitles him to, it is perhaps not indispensable to determine, as I think a complaint setting out the circumstances under which the note was executed, the manner of the signature, and the intent of the party to become liable thereon, would show a cause of action which would entitle the plaintiff to recover."

We have referred thus fully to the facts found by the referee, and to the comment of the court touching the allegations in a complaint necessary to charge one who indorses his name upon a non-negotiable note, because it is claimed that if it be assumed that a complaint could be so framed as to charge the defendant Storm, under the decision in the *Richards* case, this complaint is nevertheless demurrable because of the insufficiency of its allegations.

Now, turning to that portion of the complaint which we have already quoted, we find alleged not only the circumstances under which the note was executed, and the manner of the signature, but that the defendant wrote his name upon the back of the note in order to secure payment to the plaintiff, and for the purpose of becoming liable to the plaintiff for such payment, and that thereby he did become liable to the plaintiff.

Without further comment, it is sufficient to say, that under the *Richards* case this pleading is ample to charge the defendant with lia-

bility on the note. It is not likely that the point would have been made but for *Cawley* v. *Costello* (15 Hun, 303), in which the court said : " The complaint seeks to charge the defendant only as indorser, but the note not being negotiable, the defendant Costello can only be made liable as maker or guarantor ; and if the plaintiff seeks to charge the defendant Costello in either of those characters he must aver that he wrote his name on the back of the note with intent to become liable thereon in such character."

If this decision should be regarded as in conflict with *Richards* v. *Warring* and *Cromwell* v. *Hewitt*, it would not embarrass us in the disposition of this case, because, while a later decision, it does not of course overrule them. But we think the court did not intend to say anything in conflict with the views expressed in those cases which were cited by it in support of the decision made. The additional step taken was doubtless due to the failure of the author of the opinion to keep clearly in mind the different senses in which certain words and terms are used when applied to parties to promissory notes. The complaint, so says the opinion, charged the defendant with being an indorser on the note which was not negotiable ; and, the judge having in mind that the legal relation of one who thus writes his name upon the back of a non-negotiable note is not that of an indorser, proceeded with an argument intended to show that a different legal relation must be in effect charged — a proposition undoubtedly sound, and yet that may be done even when it is alleged that the party sought to be charged indorsed the note.

For, in a physical sense, he indorses the note when he writes his name upon the back of it. So, if the allegations of indorsement be accompanied by a history of the circumstances attending the execution and delivery of the note, and a charge that the indorsement was made upon the back with the intent to become liable to the payee thereon, a different legal relation to the other parties to it than that of indorser on a negotiable note is charged.

We cannot know precisely what was stated in the complaint, but it was quite evident that it was not alleged that he wrote his name on the back of the note with " intent to become liable thereon," for the court asserted the necessity of such an allegation, and caused the words to be italicized in the published opinion.

This was, of course, in accordance with the rule in the *Richards*

case, and required the decision made. But in giving the reason for it, the court, losing sight for the moment of the fact that the word "indorser" could be employed in more senses than one, was led to the use of language which will admit of the construction that, in addition to pleading all the facts, and alleging that the act of indorsement was done with intent to become liable thereby to the payee, the pleader must assert in effect that the so-called indorser understood the legal relation which he wanted to assume towards the other parties to the note, and, therefore, signed it with intent to become liable thereon as co-maker or surety for the maker, as the case might be.

The proposition needs but to be stated to insure the conviction that such a ruling was not intended, or if intended, that it was error.

There are other grounds of demurrer, but with their consideration at Special Term we are content.

The interlocutory judgment should be affirmed, with costs, but with leave to the defendants to answer within twenty days, upon the payment of the costs in the judgment and of this court.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Interlocutory judgment affirmed, with costs, with leave to defendants to answer in twenty days, on payment of costs in the judgment and of this court.